Chicago, Pekin and Southwestern Railroad Company *et al.*

*v.*

The Town of Marseilles.

*Filed at Ottawa May 10, 1883—Rehearing denied·September Term, 1883.*

| 107 | 313 |
| 155 | 203 |
| 107 | 313 |
| e192 | ¹501 |
| e192 | ¹502 |

1. Practice—*motion for new trial before a judge other than the one who tried the case.* After the entry of judgment in a cause, but during the trial term, the unsuccessful party entered his motion for a new trial, before a judge other than the one who presided at the trial of the case. No application was made for a continuance of the motion. It was *held,* the judge before whom the motion for a new trial was thus pending, although he had

not presided on the trial of the cause, had rightful authority to deny the motion, and it was not error to do so.

2.   In such case, the party seeking the new trial, by making an application for a continuance of his motion, supported by a proper affidavit showing sufficient cause, might have had the motion for a new trial postponed to some day when it could be heard by the judge who tried the case.   But a motion of this kind ought not to be postponed beyond the trial term, except for good cause shown.

3.   Bill of exceptions—*by whom to be signed,·where a motion for a new trial has been overruled by a judge other than the one who tried the case.*   Where a motion for a new trial is denied by a judge of the court other than the one who presided at the trial, and an appeal is granted, with leave to file bond and bill of exceptions within thirty days, the judge who tried the cause will be authorized to sign the bill of exceptions, and if none is tendered to him, it is the appellant's own fault that he could not obtain the judgment of the Appellate Court as to the sufficiency of the evidence to support the verdict.

4.   The proper practice would seem to be, where two judges preside at different times during the trial, or other disposition of a cause, that each should give a bill of exceptions concerning the matters which transpired before him.

5.   Same—*when necessary—presumption in favor of judgment.*   In the absence of a bill of exceptions showing the evidence on the trial, it will be presumed that a motion for a new trial was properly overruled, and an affirmance of the judgment by the Appellate Court is proper.

Appeal from the Appellate Court for the Second District ;— heard in that court on appeal from the Circuit Court of La Salle county; the Hon. George W. Stipp, Judge, presiding.

Messrs. Leland & Gilbert, for the appellants.

Messrs. Blanchard & Blanchard, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

It appears from the record that a trial was had in this cause on the 10th day of November, 1881, before George W. Stipp, presiding judge, and a jury.   The action was debt, upon an appeal bond.   The only plea upon which issue was taken was *non est factum.*   The trial resulted in a verdict

and judgment against the defendants, — appellants here. Upon the return of the verdict, November 10, (the day the trial was had,) no motion was entered for a new trial, and the court rendered judgment on the verdict. At a subsequent day of the term (December 10) Judge Stipp was absent and Judge McRoberts was presiding. Counsel for defendants entered a motion for a new trial, which was heard and overruled. An appeal was taken to the Appellate Court, and the following errors assigned : First, the court below erred in overruling the motion of appellants for a new trial; and second, the court below erred in not granting a new trial and in not setting aside the judgment. The Appellate Court affirmed the judgment of the circuit court, and to secure a reversal of that judgment this appeal was taken.

It is not claimed in the argument that any substantial ground existed for a new trial, but the point, and only point, relied upon to reverse the judgment is, that Judge McRoberts had no authority to hear and pass upon a motion for a new trial in a case which had been tried before Judge Stipp,— or, to state the question in the language of counsel for appellants, can a circuit judge properly overrule a motion for a new trial of a cause tried before another circuit judge. Had appellants entered a motion for a continuance of the motion for a new trial, and supported the motion by a proper affidavit showing sufficient cause, it might have been the duty of the then presiding judge to have ordered a continuance of the motion to some future day when it could be heard by the judge who tried the cause; but a motion of this character ought not to be postponed beyond the term at which the cause is tried, unless good cause is shown. Should a motion for a new trial be made on the last day of the term, for mere delay, where a term of court had been held by two judges, as here, it would be manifestly unjust to order a postponement of the hearing of the motion to a subsequent term of court; and yet such might be the result in many cases, if a

continuance of the motion could be granted without cause being shown by proper affidavit.

It is said appellants have been denied the right to have the court review the evidence and determine whether it sustained the verdict. If such is the case, they alone are to blame. Had they entered the motion for a new trial when the verdict was rendered, the judge who tried the cause could then have decided the motion for a new trial, or had they entered a motion for a continuance of the motion, and supported it by proper affidavit, as stated before, the same result might have been reached. If, then, appellants have been denied a right conferred by law, they alone are to blame, and courts are not organized to relieve parties of their own negligent acts.

It is also contended that appellants have been denied the right to have the Appellate Court, on appeal, determine whether the verdict is sustained by the evidence. This is a clear misapprehension of the true situation of the case. When the motion for a new trial was overruled, appellants prayed an appeal, and obtained an order for leave to file bond and bill of exceptions in thirty days. Under this order, had they prepared a bill of exceptions containing all the evidence introduced on the trial, the judge who tried the case was authorized to sign the bill of exceptions; but he was never requested to sign a bill of exceptions. It was, therefore, not the fault of the judge who tried the case, or the judge who overruled the motion for a new trial, that appellants did not obtain the judgment of the Appellate Court on the question whether the verdict was sustained by the evidence. No reason is perceived which would prevent Judge Stipp from signing a bill of exceptions which would show every step taken in the case before him, and Judge McRoberts could also sign a bill of exceptions showing all the proceedings in the case before him. Indeed, this would seem to be the proper practice where two judges preside at different times during the trial

or disposition of a cause. As the case was, however, presented to the Appellate Court, this court could not have done otherwise than affirm the judgment.

While it is true one judge presided at the trial and another passed on the motion for a new trial, the court was all the time one and the same court. It had jurisdiction of the subject matter and of the parties, and, in the absence of a bill of exceptions containing the evidence heard on the trial, the presumption is that the motion for a new trial was properly overruled. But whether the motion was properly overruled or not does not affect the decision of the question presented by this record. If Judge McRoberts had the power to pass upon the motion, appellants have no standing here. It was purely a question of power. McRoberts was one of the three circuit judges of the circuit in which the cause was tried, and in the discharge of his duties as circuit judge he possessed the same and all the judicial powers which were possessed by the judge who presided when the cause was tried.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*