CORBIN v. CASINA LAND CO. et al.

(Supreme Court, Appellate Division, Second Department. January 18, 1898.)

1. COURTS—JURISDICTION—INTERFERENCE WITH INJUNCTION.
　　Where a case is made out which authorizes the court, in the exercise of a judicial discretion, to grant an injunction, it does not fall within the authority of a court of co-ordinate jurisdiction to interfere with the discretion thus exercised; and, if the order has been improvidently or improperly made, its correction should be sought in the appellate tribunals, which are created for that purpose.

2. INJUNCTION—BOND.
　　In an action for an injunction, the plaintiff was required, as a condition of remaining in possession and continuing the removal and disposition of certain sand, to give, in addition to the usual undertaking upon obtaining an injunction, a bond conditioned to pay "any indebtedness that might be established in any action or proceeding brought by the defendants against him." *Held*, that no authority existed in the court to exact a bond in such sweeping terms, and that the order should be modified, so as to require security for any liability for sand or other charge which might arise by reason of plaintiff's continued occupation of the premises pending the action.

Appeal from special term, Kings county.

Action by Floyd S. Corbin against the Casina Land Company and others. From three orders vacating an injunction granted in another court, and in certain other respects imposing conditions and granting affirmative relief, plaintiff appeals. Order vacating injunction reversed; order restraining plaintiff for failure to execute bond modified; and order refusing to vacate judgment affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Roger M. Sherman, for appellant.
W. W. Culver, for respondents.

HATCH, J. The papers upon which the plaintiff moved for and obtained the injunction which restrained the defendants from interference with his possession of the premises were essentially different from those upon which the first application for an injunction was made and denied. The amended and supplemental complaint was framed upon a different theory. The issues raised thereby were changed, and the demand was for other and different relief. The papers presented in connection with this complaint contained new and different allegations. The facts were stated with more of amplification, and were supported by additional proof. While the facts were in many respects the same as appeared upon the first application, yet they were so far changed as in all substantial respects to constitute the motion an original application. No question could therefore arise in respect of the order that should be made being in conflict with the decision denying the first application. This removes the question from the domain of being a review of the order previously made. There can be no doubt but that, upon such motion, the judge had before him a perfectly proper application, and one that he was authorized and required to determine. It is also clear that the court was authorized to grant the relief asked. The papers were sufficient for that purpose. A case was therefore presented where it became the duty of the court to judicially determine whether the facts presented a proper case for an injunction order to issue.

It was quite evident that all of the questions of which the case permitted could be disposed of and settled with a due regard for the rights of each party in the action which was then pending, and, if the defendants needed the protection of the court in order to compel an observance by the plaintiff of the covenants contained in the agreement, there was little difficulty in procuring such relief upon a proper case. We are not on this appeal called upon to determine the sufficiency of the case as made. It is sufficient now to say that a case was made where the court was authorized, in the exercise of a judicial discretion, to grant an injunction. This being so, it did not fall within the authority of a court exercising co-ordinate jurisdiction to interfere with the discretion thus exercised. The exercise of such authority is against the settled policy of the law, and an orderly course of procedure. We do not deny but that power exists in one court to vacate an order made by a co-ordinate branch of the same court. Fraud and collusion or equivalent conditions may operate in such form as to make such a course proper. Wilson v. Barney, 5 Hun, 257. The exercise, however, by one judge, of authority in review of the discretion exercised by another, to the extent of vacating the orders and determination of the latter, is of such doubtful propriety as to have been uniformly denied whenever the question

has arisen. It is fraught with consequences that may be serious, imperils the stability of an orderly course of procedure in the administration of justice, and is destructive of the dignity and decorum which should attend upon judicial determination. The review of this question by Mr. Justice Daniels is comprehensive and salutary. People v. National Trust Co., 31 Hun, 20.

The order which vacated the order of the learned judge granting the injunction order was, in substance and effect, the result of a review of the case, upon which the judge had exercised his discretionary power. So far as there was change in the proof, it did not operate to change this result. The affidavit of a declaration alleged to have been made by the plaintiff to use the injunction for an improper purpose was quite insufficient upon which to base the order that was made, whether made before or after the injunction was granted. The court had the control of its orders, and it may be safely assumed that its injunctions will not be used for an improper purpose, whatever be the declaration of a party. The right is not affected thereby if a case exists for the relief asked. If orders are improvidently or improperly made, resort must be had to the usual course of procedure to correct the error, and appellate tribunals are created for that purpose.

The second order required the plaintiff to execute a bond conditioned to pay any indebtedness that might be established in any action or proceeding brought by the defendants against him, or be prohibited from moving or selling any sand. This was quite a sweeping requirement, as it did not limit the plaintiff's liability for any amount found due, which was the subject of this controversy, or which arose out of or was connected with it. In terms, it covers any liability for any cause which might be established. There existed no authority in the court to exact such a bond, as no such bond is authorized by law. But it does not follow from all that has preceded that the learned justice was without right to exercise any power in the premises. In the notice of motion asking that the injunction be vacated, the defendant also asked that the plaintiff be required to give adequate security in the premises. This application was not only proper, but was an essential requisite, in order to properly protect the defendants in their rights. The injunction order left the plaintiff at liberty to continue the removal and disposition of the sand, and for this privilege the defendants were entitled to security, by way of indemnity, for the damage which might be sustained in this regard pending the action. The granting of this relief in no wise interfered with any determination which was made when the injunction order was granted. While the order, as made in this regard, is broader than anything to which the defendants showed themselves entitled, yet to some extent relief in this direction is proper. The affidavits upon the part of the defendants tend to establish that there may exist a considerable indebtedness for sand and other personal property, the former of which the plaintiff may remove and sell, and the latter of which he has a right of use. We think, therefore, that in addition to the usual undertaking upon obtaining an injunction, which the plaintiff has given, he should fur-

nish to the defendants, as additional security, an undertaking, with sufficient surety, to be approved by a justice of the supreme court, in the sum of $2,000. This undertaking must be conditioned to secure the payment by the plaintiff of any sums for sand or other charge which may arise by reason of his continued occupation of the premises pending the action. The second order modifying and vacating the first injunction order must also be reversed, for the reasons already stated.

The order vacating the injunction should be reversed, with $10 costs and disbursements of this appeal. The order restraining the plaintiff for failure to execute a bond should be modified in accordance with this opinion, and the plaintiff be required to give an undertaking, within 20 days after a service of the order herein, as indicated in this opinion, and, upon the execution and service of such undertaking, the injunction order is continued; otherwise, the same is vacated and set aside. The order refusing to vacate the order vacating the injunction should be affirmed. All concur.