## CRUIKSHANK v. CRUIKSHANK.

(Supreme Court, Appellate Division, Second Department.   May 24, 1898.)

1. AMENDMENT OF ORDER—JURISDICTION.

A court exercising jurisdiction concurrent with that of another, by which an order has been made, is not without power to modify it or set it aside, upon new papers, or relieve from an order which has proved oppressive, where leave has been given to renew. The question is not one of power, but of practice and orderly procedure.

2. SAME—BILL OF PARTICULARS.

The plaintiff in an action procured at special term an order directing the defendant to serve a bill of particulars, which the latter complied with, except in certain particulars, as to which he stated that he could not designate more specifically. He then procured from the same judge leave to apply at special term for a modification of the original order. Upon the order thus procured, and additional affidavits, and all the papers and proceedings in the case, he then procured an order to show cause—returnable at special term—why the original order should not be modified; and upon the return day it was modified accordingly, so as to relieve defendant from the requirement to specify particulars shown not to be within his knowledge. *Held*, that the conclusion thus reached was justified, and that the court at special term had the power, and acted properly, in modifying the original order accordingly.

Appeal from special term.

Action by Maud Cruikshank against William J. Cruikshank. From an order of the special term modifying an order, theretofore entered, requiring the service of a bill of particulars, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Almet R. Latson, for appellant.
W. M. Rosebault, for respondent.

HATCH, J.   Upon application of the plaintiff, the defendant was required to serve a bill of particulars in respect of the allegations contained in his amended and supplemental answer.   Such bill of particulars was served, and in certain respects the defendant stated that he was not able to specify or designate more specifically the days on which the alleged acts had occurred, than he had previously stated in his answer.   The penalty attached for failure to comply with the order directing the service of the bill of particulars was that the defendant should be precluded from introducing any evidence or testimony in support of the allegations concerning which he should make default.   After the service of the bill of particulars in compliance with said order, the defendant applied to the judge who granted such order for a modification of the same, and obtained leave from such judge to apply at a special term for a modification of the same as the court might deem just.   Upon this order and some additional affidavits, and upon all the papers and proceedings in the case, the defendant obtained an order to show cause why the former order should not be modified, returnable at a special term on a specified day.   Upon the return of this order there were submitted, in connection with the motion to modify, proposed issues, by both parties, for settlement;

and thereupon the court made an order modifying the former order of the special term in respect of the specific times, places, and acts as above referred to, and in addition thereto settled the issues proposed by the parties for such settlement for trial by jury.    From this order the plaintiff appeals.

The plaintiff does not complain of this order, or seek to review the same, except in so far as it modified the former order.    We feel constrained to hold that the order modifying the previous order was within the power of the court, and that the order, as made, was a proper exercise of such power.    It has been settled by the court of appeals that, where an order requiring the service of a bill of particulars is likely to be oppressive upon the party required to furnish the same, he may make an application to the court for a modification.    Dwight v. Insurance Co., 84 N. Y. 493.    It has never been held, so far as we are able to discover, that a court exercising concurrent jurisdiction was without power to modify or set aside an order previously made, upon new papers, or relieve from an order which has proved oppressive, where leave has been given to renew.    This question is not one of power, but of practice and orderly procedure.    Corbin v. Land Co., 26 App. Div. 408, 49 N. Y. Supp. 929.    In the present case the judge granting the first order, upon application to him, ordered that the subject-matter embracing the modification of the order asked for should be presented to a court at special term.    This was proper, and gave the required leave, and invested the court hearing the same, not only with authority, but with propriety, to hear and pass upon such question.    The claim was that the order was oppressive.    The penalty which had been attached was severe, and prohibited the party from giving proof unless he could procure a modification of such order. All of the papers and proceedings in the action were before the court. The order to show cause expressly made them a part of it    A case was therefore presented in which it was proper for the court at special term to make such order as might be just.    Riggs v. Pursell, 74 N. Y. 370; Dwight v. Insurance Co., supra.    The court upon the last hearing was justified in reaching the conclusion that the defendant had in good faith furnished the plaintiff with all the knowledge of which he was then possessed concerning the matter.    In reaching this conclusion, it must have determined that to require more, under the circumstances, would be oppressive to the defendant.    So far as the specification in the defendant's bill of particulars is concerned, it seems to be as specific as the first statement contained in the plaintiff's bill, which the defendant is required to meet.

We conclude, therefore, that the order ought to be affirmed.    All concur.

Order affirmed, without costs.