George B. Bailey, Plaintiff in Error, *vs.* Oscar Conrad, Defendant in Error.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. Appeals and errors—*there must be a final judgment or decree to authorize appeal.* There must be a final order or decree in a chancery suit, or a final judgment in an action at law, to authorize an appeal or writ of error.

2. Same—*a final judgment defined.* A final judgment is .one which finally disposes of the rights of the parties, either upon the entire controversy or some definite and separate branch thereof.

3. Same—*an order vacating a decree and allowing defendant to plead is interlocutory.* An order vacating a decree, entered at the same term of court, in a chancery suit and allowing the defendant to plead by a certain date is not a final order though the decree vacated was entered by written stipulation signed by the parties.

4. Same—*party should except to action of court in vacating a judgment.* One desiring to question the. action of the court in vacating a judgment should preserve exceptions thereto and assign error thereon as a part of the record after final determination of the case.

Writ of Error to the Circuit Court of Kankakee county; the Hon. Arthur W. Deselm, Judge, presiding.

W. R. Hunter, for plaintiff in error.

Charles J. Trainor, for defendant in error.

Mr. Justice Carter delivered the opinion of the court:

This was a writ of error sued out to review an order and decree entered by the circuit court of Kankakee county April 17, 1915, setting aside and vacating a final decree entered February 26, 1915. Both of these orders were entered during the January, 1915, term of said court. The decree so set aside was entered in accordance with the terms of a written stipulation signed by the parties to this suit. Plaintiff in error formerly owned an island in the Kankakee river at Momence and the land on either side of

the river. April 22, 1914, he sold to defendant in error a part of said island, subject to certain reservations, one of which was the right to attach a dam or dams to the bank of the island and maintain the same. This suit was started by plaintiff in error to obtain an injunction to prevent defendant in error from building a stone wall on the north side of the island, extending into the river, it being contended that such wall would prevent plaintiff in error from attaching his dams to the north bank of the island. Under the stipulation in question a final decree was entered attempting to settle the rights of the parties upon all these questions. After it was entered, on motion of defendant in error, on a hearing, affidavits and counter-affidavits being filed, the decree entered on said stipulation was vacated and set aside and defendant in error given leave to plead by a certain date. Plaintiff in error prayed an appeal to this court, which was denied, and thereafter this writ of error was sued out from the order so vacating said decree.

Counsel for defendant in error contends that this writ of error should be dismissed, as it brings up only an interlocutory order. There must be a final order or decree in a chancery suit, or a final judgment in an action at law, to justify an appeal or writ of error. (*Hayes* v. *Caldwell,* 5 Gilm. 33; *Hunter* v. *Hunter,* 100 Ill. 519; *Smith* v. *Dellitt,* 244 id. 75.) A final judgment is one that finally disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate branch thereof. (*Mutual Reserve Fund Life Ass'n* v. *Smith,* 169 Ill. 264; *City of Park Ridge* v. *Murphy,* 258 id. 365.) Where a defendant moves to set aside a default and vacate a decree in order to allow a defense, and such motion is denied, the order is final and may be reviewed by an appeal or writ of error, but when the motion is allowed and the judgment is set aside merely for the purpose of allowing the party to plead or interpose a defense the order is interlocutory and an appeal or writ of error will not lie there-

from. (*Walker* v. *Oliver,* 63 Ill. 199; *City of Park Ridge* v. *Murphy, supra; Cramer* v. *Commercial Men's Ass'n,* 260 Ill. 516.) In such case the court does not finally determine the rights of the parties. If the opposite party desires to question the action of the court in vacating a judgment, it is his duty to preserve exceptions thereto and assign error thereon as a part of the record, after the controversy has been finally determined. *People* v. *Wells,* 255 Ill. 450.

Under these authorities the order vacating the decree in question was interlocutory, and the writ of error must be dismissed.                    *Writ of error dismissed.*