(No. 12170.—Judgment affirmed.)

MARSHALL, FIELD & Co. Appellant, *vs.* JOHN E. NYMAN Appellee.

*Opinion filed October 21, 1918—Rehearing denied Dec. 5, 1918.*

1. PRACTICE—*when branch of the Appellate Court may sustain motion after main court has denied it.* Where the main Appellate Court for the First District transfers a case to a branch court after overruling a motion to strike the original stenographic report from the files, the branch court has power, on a renewal of the motion, to allow the same, where it appears from the record that the report was improperly filed.

2. SAME—*consent of parties to filing original stenographic report is necessary under the Fees and Salaries act.* The original stenographic report cannot be made a part of the record under the provisions of the Fees and Salaries act unless there is an agreement of the parties to that effect.

3. SAME—*Municipal Court act does not authorize filing original stenographic report in case of appeal.* Paragraph 6 of section 23 of the Municipal Court act, authorizing the original stenographic report to be made a part of the record by an order of the court where the review is by writ of error, does not authorize such practice where the review is by appeal.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.

FRANK P. LEFFINGWELL, for appellant.

ROSENTHAL, HAMILL & WORMSER, (CHARLES H. HAMILL, and HARRY MARKHEIM, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant brought an action of the fourth class in the municipal court of Chicago to recover on a contract for the sale of merchandise. Appellee filed a counter-claim for damages. The court entered judgment in favor of appellant for $135.23 admitted to be due, and on trial before a jury as to the counter-claim a verdict was returned in favor of appellee in the sum of $60 and judgment was entered thereon. On appeal to the Appellate Court for the First District a motion was made that the original stenographic report be stricken from the record in that court. This motion was overruled. The main court afterward assigned this case to the first branch of the Appellate Court to be heard and decided, and thereafter the motion was renewed to strike the original stenographic report from the record, and that motion was allowed by the first branch of the Appellate Court and the judgment of the trial court was affirmed. A certificate of importance was granted by the Appellate Court and the case is now here on appeal.

Counsel for appellant argues that as the motion to strike the original stenographic report from the record was made

and denied before the main court the motion before the branch court to strike the stenographic report from the record came too late and that it was error for the Appellate Court to allow this second motion. It is asserted, and we think correctly, that other and different grounds were urged in the second motion from those urged in the first, but we will assume for the purposes of this case that the motions were identical and the record the same on both motions. There can be no question of the power to vacate judgments during term time in any court of record and that this power is inherent in all courts of record, including not only *nisi prius* courts but courts of appellate jurisdiction. (1 Black on Judgments,—2d ed.—sec. 297; 23 Cyc. 890; 15 Ency. of Pl. & Pr. 205; 1 Freeman on Judgments,—4th ed.— sec. 90.) But as between courts of co-ordinate jurisdiction, such as two county courts or circuit courts of the same State, the rule is that neither has power to vacate or set aside a judgment rendered by the other which is not void upon its face. Relief must be sought in the court where the judgment was entered. (1 Black on Judgments, sec. 297.) In some States, however, it is held that a court exercising jurisdiction concurrent with that of another by which an order has been made is not without power to modify such order or set it aside or relieve from it if it has proved oppressive, the question being not one of power but of practice and orderly procedure. (*Cruikshank* v. *Cruikshank,* 51 N. Y. Supp. 926.) It has also been held where one department of a court makes an order authorizing an execution another department of the same court may make an order vacating the same. (*Dorland* v. *Hanson,* 81 Cal. 202; 15 R. C. L. 688, 689.) There can be no question that the main Appellate Court could have set aside its first order denying the motion to strike the original stenographic report from the record if such stenographic report was improperly a part of the transcript, and while we are clearly of the opinion that it is not good practice nor in consonance with orderly pro-

cedure, after an order is duly entered by one branch of the Appellate Court for another branch to overrule or set aside such order, we are disposed to hold that the court, under circumstances as presented in this record, was not without power to enter the order entered here. This court has said that the question of what is the record may be tried by the record at any time. (*Haines* v. *Danderine Co.* 248 Ill. 259; *Wurlitzer Co.* v. *Dickinson,* 247 id. 27.) The power to decide the question as to what is the record can be decided by the court at any time on its own motion. 15 R. C. L. 688; see, also, *Platte Valley Bank* v. *National Live Stock Bank,* 155 Ill. 250.

This court has held that the basis of review on appeal in courts of review is the filing of authenticated copies of records of judgments appealed from; that the original bill of exceptions or other original papers filed in the court below can only become incorporated as a part of the transcript by agreement or stipulation; that reviewing courts act upon the transcript of the record and not upon the record itself, except where a different course is pointed out by the statute. (*Martin* v. *Todd,* 211 Ill. 105; *Beth Congregation* v. *Oakwoods Cemetery Ass'n,* 200 id. 480.) Under the act concerning fees and salaries passed in 1887 and in force July 1 of that year, the parties to an appeal or writ of error may by agreement have the original bill of exceptions or certificate of evidence, instead of a copy, incorporated into such transcript. (Hurd's Stat. 1917, p. 1536.) It has been held that the original bill of exceptions could not be made a part of the transcript without an agreement of the parties. (*Lake Shore and Michigan Southern Railway Co.* v. *Hessions,* 150 Ill. 546.) There was no agreement or stipulation that this original stenographic report should be made a part of the record, therefore, under the provisions of the Fees and Salaries act, such report could not be made a part of the record.

It is insisted, however, that by paragraph 6 of section 23 of the Municipal Court act it is provided that the original stenographic report can be made a part of the original transcript by order of the court without a stipulation to that effect; that section 100 of the Practice act provides only that the stenographic report shall be certified to the Supreme or Appellate Court, as the case may be, as the record to be considered upon review of such order or judgment by writ of error. It is argued by appellant that this court has held that the provision of the Municipal Court act that judgments can only be reviewed by writ of error is invalid, (*Israelstam* v. *United States Casualty Co.* 272 Ill. 161,) and that therefore it should be held, under a reasonable construction of the statute, that the legislature intended that the stenographic report should be made a part of the record in all cases where the record was reviewed, and it must have intended that it should be made a part of the record when the case was appealed as well as when it was taken up by writ of error. It is true, as argued by counsel for appellant, that the purpose of statutory construction is to find the intent of the legislature. (*People* v. *Harrison,* 191 Ill. 257; *People* v. *City of Chicago,* 152 id. 546.) The intent of the statute is the law. (*Hoyne* v. *Danisch,* 264 Ill. 467, and cases there cited.) It seems unreasonable to argue that the legislature, when it only provided for reviews by writ of error, should have intended that the provision for writs of error should also apply to appeals when the statute did not provide for an appeal. The legislature certainly never intended to make an unconstitutional provision as to writs of error. We think it must necessarily follow that the provision of paragraph 6 of section 23 of the Municipal Court act was not intended by the legislature to authorize the original stenographic report to be made a part of the transcript of the record by an order of the court in case of appeal. This being so, the Appellate Court rightly struck the original stenographic report from the record.

The question is also raised as to the constitutionality of this provision of the Municipal Court act, but in view of our holding on the other questions raised in the case it is unnecessary to consider or decide that question. With the original stenographic report stricken from the record there is no question that requires our consideration.

The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*