(No. 16238.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN KOZLOWSKI, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*agreement of counsel is necessary to use of original bill of exceptions—municipal court.* A criminal action of the third class in the municipal court of Chicago is reviewed in the same manner as criminal actions in other courts of record, and the original bill of exceptions in such case cannot be made a part of the transcript of record without an agreement of the parties as in other cases.

2. SAME—*abstract must show that it contains all the evidence heard.* Questions as to whether the finding of the court, which heard the case without a jury, is against the weight of the evidence and whether there is a variance between the charge and the proof cannot be considered on review where the abstract fails to show that it contains all the evidence that was heard on the trial.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. HOWARD W. HAYES, Judge, presiding.

NEWBERGER & GREENBAUM, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error was convicted in the municipal court of Chicago of the crime of obtaining property by false pretenses and was sentenced to serve thirty days' imprisonment in the house of correction and to pay a fine of $500. The trial was before the court without a jury. There was. no motion to quash the information, no motion for a new trial and none in arrest of judgment. On review the Appellate Court for the First District struck the bill of exceptions from the record and affirmed the judgment.

Plaintiff in error incorporated as a part of the transcript of the record the original bill of exceptions without an agreement of the parties. This action is one of the third class in the municipal court of Chicago and is reviewed in the same manner as criminal actions in other courts of record. This court has held that the original bill of exceptions cannot be made a part of the transcript of record without an agreement of the parties, *(Field & Co.* v. *Nyman,* 285 Ill. 306; *Lake Shore and Michigan Southern Railway Co.* v. *Hessions,* 150 id. 546;) and the Appellate Court properly struck the bill of exceptions in this case.

Plaintiff in error contends that the finding of the court is against the weight of the evidence and that there is a variance between the charge and the proof. Since none of the evidence is before us these questions are not presented by the record for review. If the bill of exceptions had not been stricken from the record plaintiff in error could not have raised these questions, for the reason that the abstract fails to show that it contains all the evidence that was heard on the trial. *People* v. *McCabe,* 306 Ill. 183; *People* v. *Adams,* 289 id. 339; *Rehfuss* v. *Hill,* 243 id. 140.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*