(No. 29768.—
JUNIE SANFORD *et al.*, Appellees, *vs.* ADA THOMPSON *et al.* —(FRANCES THOMAS, Appellant.)

*Opinion filed May 22, 1947—Rehearing denied September 15, 1947.*

J. KELLY SMITH, of Mounds, and DAVID V. LANSDEN, of Cairo, for appellant.

JOE CRAIN, of Mound City, and CHARLES L. RICE, and DOROTHY WILBOURN, both of Cairo, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is a direct appeal from an order of the circuit court of Pulaski county, overruling a motion by Frances Thomas, a defendant and the appellant herein, seeking to vacate the decrees for partition and on an intervening petition entered in the cause on January 27, 1945, and to have certain docket entries modified and corrected to speak the truth. No appeal has been perfected from the decree for partition or the decree on the intervening petition. The plaintiffs, appellees here, have filed their motion to dismiss the appeal upon the ground the order appealed from is not an appealable order. This motion was taken with the case.

The complaint alleged that the plaintiffs, together with Ada Thompson, one of the named defendants, were the owners in fee simple of certain real estate situated in Pulaski county and certain other real estate located in Alexander county, by inheritance from Thomas H. Boatright, deceased, and sought partition of the property. Plaintiffs alleged that the appellant, Frances Thomas, and two persons were in possession of a part of the real estate, claiming to have some interest therein, which interest, if any, was subordinate to the rights and interests of plain-

tiffs and the defendant Ada Thompson. A summons was issued and served upon the defendant Frances Thomas. Thereafter, H. L. Gaskill filed a petition to intervene, setting forth that Thomas H. Boatright died intestate on April 13, 1935, leaving him surviving Ira B. Nevels, an adopted daughter, and other heirs-at-law; that, on April 29, 1943, Ira B. Nevels died, leaving no child or children or descendants of a child or children or husband her surviving; that Ira B. Nevels, on January 8, 1942, entered into a contract for the sale of certain real estate involved in the partition action to him for the sum of $500 and that he had paid $50 on the purchase price leaving a balance due of $450 which he was willing to pay upon execution of a deed of conveyance to him. Gaskill attached a copy of the contract as an exhibit to his petition. The record shows that he was permitted to intervene and, on August 16, 1944, by leave of court, the defendant Frances Thomas filed her answer, averring that she was the sister of Ira B. Nevels and denied that the plaintiffs and the defendant Ada Thompson were related to Thomas H. Boatright. She also averred that there were certain persons not named as defendants in the cause who had interests in the premises and that there were other heirs of Thomas H. Boatright in existence who were known to the plaintiffs. Thereafter, on November 17, 1944, Frances Thomas answered the intervening petition, denying that Ira B. Nevels ever entered into a contract for the sale of real estate to H. L. Gaskill. She also filed a counterclaim against Gaskill and asked damages in the amount of $1000 for trespasses committed by him on the real estate and for his actions in falsely and fraudulently preventing the sale of the real estate by speaking and publishing untrue facts about the property and concerning the title, thereby depriving her individually and as administrator of the estate of Ira B. Nevels of the rents, issues and profits from the property and the moneys from its sale. None of these pleadings of

Frances Thomas are under oath.

The cause was set for trial on December 18, 1944, at which time Frances Thomas, by her solicitor, made an oral motion for a continuance. The motion was denied, the docket entry stating, "Motion for continuance presented orally by the defendant, and the same does not show diligence and is therefore overruled. After the continuance is not granted and after all other attempts have failed to obtain a continuance, counsel for Frances Thomas presents a Petition for Change of Venue. Court finds the same is not made in good faith and in apt time but for the purpose of obtaining the continuance by subterfuge, so the Petition for Change of Venue is overruled." The docket entry continues: "Court hears testimony offered by the Plaintiff and the testimony offered by H. L. Gaskill in support of the intervening petition. Plaintiff rests. Intervening petitioner rests. Defendant Frances Thomas offers no evidence. Decree for Partition and in favor of intervening Petitioner, as per order to be signed, in accordance with the findings of the Court, as announced and ordered." Later, on the same day, a written motion for continuance was filed. On January 12, 1945, the court appointed commissioners to make partition or appraise the property in the event it was not susceptible of partition. On January 27, 1945, a decree for partition and, also, a decree on the intervening petition were filed and, on the same day, the court struck from the record the written motion for continuance previously filed by said defendant. Thereafter, on February 26, 1945, the defendant Frances Thomas filed her motion to vacate the decrees entered on January 27, 1945. No notice of this motion was ever served upon the plaintiffs, and the motion was not called to the attention of the court until almost a year later. This motion to vacate the decrees was likewise not verified. After the decrees had been entered, the matter progressed and a decree for sale and order approving the report of

sale were entered. On February 21, 1946, the order from which this appeal has been perfected was entered, as follows: "Now on this 21st day of February, 1946, on this date the Court discovers that a Motion was filed February 26th, 1945, and was never called to attention of this court, filed by Frances Thomas, defendant, moving Court to set aside decree for Partition, and for other changes of orders as heretofore entered. Court hears argument and finds there is no merit in the Motion filed February 26th, 1945 and is not verified to establish any facts therein stated which are not disclosed by the record. Motion is therefore overruled and prayer thereof is denied. Motion made orally by Frances Thomas through her attorney, J. Kelly Smith, that she be permitted to verify her Motion filed February 26th, 1945. Plaintiff objects and Court sustains objection thereto as being too late."

We are of the opinion that the order of February 21, 1946, was an appealable order since it terminated the litigation between the parties. No appeal, however, was taken from the decrees for partition and on the intervening petition, and therefore the sole question before the court is the propriety of the order of February 21, 1946. The motion to vacate the decrees was filed pursuant to paragraph (7) of section 50 of the Civil Practice Act, (Ill. Rev. Stat. 1945, chap. 110, par. 174,) which provides: "The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof, set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable." The motion to vacate the decrees was not vertified, and no notice of the filing of the motion was given to any of the parties in the proceeding. Indeed, the defendant Frances Thomas has not verified any of her pleadings in this cause other than her motion for continuance and her petition for change of venue. The record discloses that said defendant permitted the court to proceed to an order of

358

sale of the premises and to confirmation of the report of sale of the premises without in any way attempting to assert her rights under the motion to vacate the decrees. The court, in the exercise of a sound judicial discretion, could, and did, properly refuse to permit said defendant to verify her motion to vacate the decrees at the time of the hearing on her motion in view of the fact that almost a year had elapsed from the time the motion was filed. No reason is asserted for the failure to verify the motion, and there is no showing made that the court in any way abused its discretion in refusing to grant said defendant leave to verify.

For the reasons stated in this opinion, the order of February 21, 1946, of the circuit court of Pulaski county is affirmed.

*Order affirmed.*