(No. 41049.-

COMMONWEALTH LOAN COMPANY, Appellant, *vs.* JAMES W. BAKER *et al.*—(General Steel Industries, Inc., Appellee.)

*Opinion filed September 24, 1968.*

HOAGLAND, MAUCKER, BERNARD & ALMETER, of Alton, (JAMES K. ALMETER, of counsel,) for appellant.

LUEDERS, ROBERTSON & KONZEN, of Granite City, (IRVIN SLATE, JR., of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

In 1964, Commonwealth Loan Company obtained a judgment by confession in the circuit court of Madison County against James W. Baker and served a garnishment summons and interrogatories upon General Steel Industries, Inc. In answer to the interrogatories General stated that it had no property of the judgment debtor in its possession. A citation to discover assets was issued and served upon Baker and at the hearing he testified that General was holding about $800 of his money under some kind of a retirement benefit arrangement. General was not a party to that proceeding. The court held that the funds in General's hands were exempt from garnishment under the provisions of the second paragraph of section 1 of an act to exempt certain personal property from attachment (Ill. Rev. Stat. 1963, chap. 52, par. 13), providing for the exemption of certain pensions, and ordered that General turn over to Baker the money in its hands, without regard to the garnishment proceeding. Commonwealth appealed to the appellate court, which held that the funds held by General were not exempt as a pension under the above statutory provision, reversed the judgment of the trial court and remanded the cause for further proceedings consistent with the opinion of the appellate court. (67 Ill. App. 2d 359.) Before the appeal had been perfected, General had paid the fund to Baker.

Upon remand, Commonwealth moved for judgment against General, which moved to strike the motion on the ground that it had a valid defense which it had previously

had no opportunity to present. The trial court sustained Commonwealth's motion for judgment and entered judgment in favor of Commonwealth against General for the amount of the original judgment against Baker. Within 30 days after the entry of judgment, General filed a motion to vacate the judgment, alleging that the funds due Baker were part of a pension trust and were exempt from garnishment by the terms of the trust indenture. General contended that in the prior appeal it was confined to the record as made between Commonwealth and Baker and that it never had an opportunity to present its defense based upon the terms of the indenture. The trial court denied General's motion to vacate the judgment and General appealed to the appellate court. In its notice of appeal it specified that it was appealing from the order denying the motion to vacate the judgment. Commonwealth filed a motion to dismiss the appeal on the ground that the appeal was taken from the denial of the motion to vacate the judgment instead of from the judgment itself. The appellate court took the motion to dismiss with the case and denied it in its opinion. (87 Ill. App. 2d 81.) The appellate court held that General had never had an opportunity to present its defense and that in all of the trial court proceedings there had never been a time where General had even been required to answer or present its defense. The judgment of the trial court was reversed with directions to enter a conditional judgment in favor of Commonwealth against General and for further proceedings, so that General would have an opportunity to present its defense. We granted Commonwealth's petition for leave to appeal.

The only issue on the appeal to this court is whether the appellate court had jurisdiction over the appeal in view of the alleged imperfection in the notice of appeal. With certain exceptions not relevant here, the appellate court has jurisdiction to review only final judgments. (Ill. Const., art. VI, sec. 7; Ill. Rev. Stat. 1965, chap. 37, par. 32.1.) The

question therefore is whether the denial of the motion to vacate the judgment was a final and appealable judgment. The same question was presented in *Sanford* v. *Thompson,* 397 Ill. 353, where the appeal was taken from the denial of a motion to vacate a decree for partition. The court held that the order denying the motion was an appealable order since it terminated the litigation between the parties. In *Classen* v. *Ripley,* 407 Ill. 350, an appeal was taken from an order denying a motion to vacate an order which had dismissed a complaint for specific performance. The court held that the motion to vacate the dismissal of the complaint did not suspend the effect of the dismissal and held that the original dismissal order was a final and appealable order. However, the court treated the denial of the motion to vacate that order as also being a final and appealable order in which the issue was whether the trial court was correct in refusing to vacate the original order.

The order in the present case terminated the litigation between Commonwealth and General and the issue presented by the motion was whether the trial court erred in refusing to permit General to present its defense. This was the issue decided by the appellate court, which held that the motion ought to be allowed so that General could present its defense.

The merits of General's defense are not presented on this appeal and the only question is whether its notice of appeal was sufficient to give the appellate court jurisdiction. Since we are of the opinion that the appellate court did have jurisdiction of the appeal, the judgment of the Appellate Court, Fifth District, is affirmed.

*Judgment affirmed.*