CHARLES A. DARLING, Plaintiff-Appellant, v. LOWELL J. REINERT et al., Defendants-Appellees.

(No. 70-143;

Second District—April 13, 1971.

T. MORAN, P. J., dissenting in part and concurring in part.

Charles A. Darling, *pro se.*

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from the order entered by Magistrate Schnake on April 10th, 1970 vacating the order of default entered by Magistrate Zettinger on April 9, 1970, and a subsequent order of judgment for the defendants entered April 16, 1970. Attorney Charles A. Darling filed the complaint against the defendant on February 27th, 1970. Summons were issued, served returnable at 10:00 o'clock on March 20th, 1970. On March 20th the defendant filed his appearance at 11:00 o'clock on that morning. However, Attorney Darling had appeared and an order of default had been entered prior to the filing of the appearance of the defendant. Subsequently the defendant filed a motion to vacate the default which was not opposed by Mr. Darling. The default was vacated and the matter set for hearing at 1:00 o'clock on April 9th, 1970. Attorney

Darling appeared at that time with his witnesses and at 1:40 he proved up his complaint before Magistrate Zettinger. It then appears that the defendant was present with his Counsel, Mr. Peter Zamis, but was not in the Court room; Mr. Zamis being under the impression the matter had been set for 2:00 o'clock. Mr. Zamis within a few minutes after 1:40 met Mr. Darling and they went before Magistrate Zettinger who refused to vacate the judgment which he had just entered. Attorney Zamis then went before Magistrate Schnake with Attorney Darling and Magistrate Schnake apparently said "Forget it, I have already taken care of it." Magistrate Schnake does not recall whether Dr. Darling was present when he recalls that "he advised Magistrate Zettinger that he was going to vacate the order of default." Mr. Darling insists that Magistrate Schnake did not make that statement.

Thereupon, Magistrate Schnake, on his own motion, vacated the order of default entered by Magistrate Zettinger and set the matter for hearing on April 16th, 1970. Plaintiff on April 14, 1970, moved the court to set aside the April 10, 1970 order vacating the order of dismissal. Magistrate Schnake denied this motion. Mr. Darling stood on the record and refused to appear or take part in the April 16th hearing. The April 16th hearing was before Magistrate John Chivari who entered a judgment for the defendants, and entered an order that the lawyers for the defendant be reimbursed in the sum of $50.00.

The first question presented is as to whether Magistrate Schnake could vacate the order of dismissal of Magistrate Zettinger, both being Magistrates of the same Court. In *Chicago, Pekin & Southwestern R. R. Company v. Town of Marseilles* (1883), 107 Ill. 313 a similar question was presented. The Supreme Court there stated:

"While it is true that one judge presided at the trial and another passed on the motion for a new trial, the court was all the time one and the same court * * * McRoberts was one of the three circuit judges of the circuit in which the case was tried, and in the discharge of his duties as circuit judge he possessed the same and all the judicial powers which were possessed by the judge who presided when the cause was tried."

In the case of *Ricchichi v. City of Chicago* (1964), 49 App.2d 320, 199 N.E.2d 652, the Court stated:

"It is of no moment that the judge to whom the case was assigned for trial vacated the new trial order entered by the judge who presided at the first trial. A trial judge is not bound by the prior order of another judge. He has the right to review the prior order if in his judgment it was erroneous and he has the duty to do so if changed facts or circumstances make the prior order unjust. [Citations.]"

See also *Scardina v. Colletti* (1965), (63 Ill.App.2d 481, 211 N.E.2d 762) which cites the above with approval.

■■ There is no question but that Magistrate Schnake could vacate the order entered by another Magistrate at the same term in the same court.

Turning then to the question whether the magistrate could in fact set aside the order of dismissal on his own motion.

In *Krieger v. Krieger* (1906), 221 Ill. 479, 77 N.E. 909 the Court said:
"During the term at which a judgment or decree is entered the record remains in the breast of the court, and the court may, at any time during the term, amend it or set it aside on its own motion or for good cause shown, as justice and the right of the case may seem to require."

It would appear that Magistrate Schnake, who was cognizant with the factual time situation involved before Magistrate Zettinger, in his discretion, and on his own motion, vacated the order of default. Further, he apparently personally prepared the order vacating the order of default of Magistrate Zettinger and entered the order the next day on April 10th, 1970. The right of Judge Schnake, in his discretion, and upon his own motion to set aside a default is inherent in the Court. *People v. Weber* (1949), 403 Ill. 331 86 N.E.2d 202:
"Under the civil practice act, the court may in its discretion before final judgment set aside any default and may within 30 days after entry of judgment set aside any judgment or decree upon good cause shown. (Ill. Rev. Stat. 1947, ch. 110, par. 174(7).) The term "Court" as used in the Civil Practice Act does not mean any particular judge but means the Circuit Court, since jurisdiction is vested in the court and not in the judges of the Court."

In *Freeman v. Chicago Transit Authority* (1965), 33 Ill.2d 103, 210 N.E.2d 191 the Supreme Court stated that the Trial Judge had the power to set aside a special finding of the jury on its own motion stating that the Practice Act does not bar a Trial Judge from considering "any grounds not raised by a party in his written post trial motion." In *Freeman*, the Trial Judge vacated the finding of the jury in answer to a special interrogatory and on its own motion granted a new trial after setting aside the special finding of the jury. The Court went on to say that par. 68.1(2) of the Civil Practice Act:
"* * * contains nothing that suggests an intention to interfere with the power of a Trial Court to act upon its own motion."
"Orders granting new trials were not appealable at all until the Civil Practice Act became effective in 1934, and apparently the authority of a trial court to grant a new trial on its own motion has not been considered by this court. But in those jurisdictions that have considered

the question the power is firmly established. [Citations.] These decisions are based upon a recognition that the role of a trial judge is not that of a presiding officer or an umpire, and that he is responsible for the justice of the judgment that he enters. The defendant's argument would take away that responsibility and tend to reduce his role to that of an automaton."

The same principle applies in the case of a Judge on his own motion vacating an order of default.

Plaintiff insists that the Court's own motion to vacate the judgment must be in writing and must state the ground therefor. This Court is unable to find any authority for this contention. It is obvious from the facts in this case that Mr. Darling was cognizant of the fact that Mr. Zamis, after failing to vacate the order of default before Magistrate Zettinger, went before Magistrate Schnake for that purpose. Mr. Darling was present and whether Magistrate Schnake said he was going to vacate the default, or "take care of the matter" Mr. Darling knew that Magistrate Zettinger had taken the matter under consideration for the purpose of vacating the judgment of default. He received a copy of the order drafted and entered by Magistrate Schnake, and subsequently appeared and moved to set that order aside. This, Magistrate Schnake refused to do and this appeal followed. The question of propriety in this regard has not been raised and will not be considered by this Court. See *Marshall Field & Co. v. Nyman* (1918), 285 Ill. 306, 120 N.E. 756.

■■ The cases in Illinois are replete with the proposition that the Trial Court may, in its discretion, vacate an order of default when substantial justice will be done. Under the Practice Act, par. 50, ch. 110 Ill. Rev. Stat., the court have repeatedly stated that this is a matter for the discretion of the Trial Court, whether a defendant should have his day in court when it would appear that justice would be promoted thereby.

For the reasons stated above, the order of April 10th, 1970, entered by Magistrate Schnake will be affirmed.

Based upon the factual situation here, and under the same principle enunciated above, substantial justice requires that the plaintiff as well, have his day in court. The order of April 16th, 1970, entered by Judge Chivari in favor of the defendant will be reversed and the matter will be remanded for trial on the merits.

Affirmed in part, reversed in part and remanded.

ABRAHAMSON, J., concurs.

Mr. PRESIDING JUSTICE THOMAS J. MORAN dissenting in part and concurring in part:

To afford perspective to my view of the case, it is necessary to present the sequence of "facts" related in a purported bystander's record supplied to us under Supreme Court Rule 323 (c). That rule provides that the trial court shall hold hearings, if necessary, and promptly settle, certify and order an accurate report of proceedings. Rather than settling any conflict, the record provided seems to place this court in the position of a *nisi prius* tribunal for, on September 24, 1970, the two magistrates and the attorneys for the parties, in the presence of a court reporter, related their best recollections of the happenings of April 9, 1970; conflicts in the versions were not settled by the trial court.

From a reading of this "report of proceedings," it is uncontroverted that Darling and his witnesses were present and ready for trial on April 9th at 1:00 P.M. in the courtroom of Magistrate Zettinger. The case was held in abeyance until 1:40 P.M., at which time Darling obtained a default order, proceeded to prove his case through the testimony of witnesses present, was granted judgment for $642.81 plus costs, and left. At about 2:00 P.M., Zamis appeared in Magistrate Zettinger's courtroom where he moved to set aside the default judgment. The magistrate denied the motion, stating that he had, at defendants' request, previously vacated a judgment in the same case. Zamis then stated that he wanted to discuss the matter with the Chief Judge. Darling came upon the scene at this time and all three went to see the Chief Judge. The latter was on the bench, instructing a jury, so the three waited in the adjoining attorney's conference room. Zamis left the room and sought out Magistrate Schnake.

From this point, versions vary.

Zamis states that Magistrate Schnake appeared in a courtroom with Zamis, Darling and Magistrate Zettinger present; that he moved for the vacation of the order of default; that Darling argued against the motion; that Magistrate Schnake asked Magistrate Zettinger if he would vacate the order, to which he replied he would not; that Magistrate Schnake then stated that he would vacate the order; that all left and the next day Zamis received an order, signed by Magistrate Schnake, vacating the default judgment.

Both Magistrate Zettinger and Darling claim that, after Zamis left the conference room, Magistrate Schnake came in and stated, "Forget it, I've already taken care of it," and left.

Magistrate Schnake's version is that upon returning from lunch shortly after 2:00 P.M., Zamis approached him and advised him of the circumstances leading to the order of default; that he then conferred with

Magistrate Zettinger in the hallway next to the conference room, stating that he thought, in the interest of justice, the default should be set aside; that Magistrate Zettinger did not agree but answered, "Do what you want to do," or, "Do what you think is right," and that he then told Magistrate Zettinger he was going to set aside the default judgment. He was uncertain as to whether Darling was present at the time.

I believe it is clear to anyone that the rules of practice for the conducting of orderly proceedings were not followed. When Magistrate Zettinger denied the defendant's motion to vacate the default judgment, this amounted to a final and appealable order. (See, *Commonwealth Loan Co. v. Baker* (1968), 40 Ill.2d 506, 508-509 and *Bailey v. Conrad* (1915), 271 Ill. 294, 295.) Whether the court acted arbitrarily or not is of no consequence here since there was, "technically," no appeal taken from that denial. Rather, defendants sought a higher ruling at the trial level from a different judge. Research has been to no avail for a precedent upon which to bottom such action in the instance of a final order. Subsequent to the denial, without notice or the opportunity for plaintiff to be heard, (neither magistrate claims that a second hearing with the parties present took place, and only the defendants make such an assertion) Magistrate Zettinger's order was vacated.

The cases cited by the majority are not in point since none concern a final order. Despite this, however, it is unconscionable to me to allow the "procedure" followed in this case since it lends countenance and encouragement to the practice of "judge shopping" by all dissatisfied litigants.

Even more basic to my dissent is the fact that the plaintiff was given neither a notice nor the opportunity to be heard before the order vacating the default judgment was entered and for this reason, in my opinion, the order of April 10, 1970, was void and should be reversed.

So that the litigants may not be denied substantial justice because of the actions and procedures of both court and counsel, I would concur with the majority in remanding the original cause for a hearing on the merits.