*In re* MARIO GOMEZ, a Minor—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellant, *v.* MARIO GOMEZ, Respondent-Appellee.)

First District (2nd Division)    No. 80-2096

Opinion filed September 15, 1981.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and Thomas A. Gibbons, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Mario Gomez, a minor, was named respondent in four petitions for adjudication of wardship. The four petitions, all stemming from a single

incident, charged that respondent had committed aggravated battery, armed robbery, armed violence, and attempt (murder). The trial court made a finding of "no probable cause" as to each of the four petitions and released respondent from custody. The State has appealed. Respondent has moved to dismiss the State's appeal, arguing that the trial court's findings are not appealable.

One witness, John Palcu, testified at the probable cause hearing. Palcu is the alleged victim and is also an investigator for the State's Attorney's office. On the evening of May 21, 1980, Palcu was on duty in Blue Island, Illinois. He stopped to use the telephone in a public park. Palcu was wearing plain clothes and was driving an unmarked car. While Palcu was out of his car, respondent approached and made vulgar remarks to Palcu and to a woman passerby. Respondent then rode a short distance on his bicycle and hailed two individuals in a passing car. Respondent and the two occupants of the car then returned to where Palcu was standing. As the three subjects ran toward him, Palcu identified himself as a police officer. Undeterred, the three individuals set upon Palcu, punching and kicking him. One of the three (the driver of the car) produced a pistol and forced Palcu to surrender his revolver. When the beating stopped, respondent left on his bicycle and the other two attackers departed in the car. As the car pulled away, the individual in the passenger seat fired two shots at Palcu. Palcu testified that the artificial lighting in the park was sufficient to enable him to see his attackers clearly. At the hearing, Palcu identified respondent as the person on the bicycle. The trial court made findings of "no probable cause" with respect to aggravated battery, armed robbery, armed violence, and attempt (murder). The assistant State's Attorney asked for the basis of the rulings and the trial court answered, "No sufficient evidence." The trial court did not immediately dismiss the petitions but stated that he would set the matter for trial if the State wished. After a brief interval, the State asked that the petitions be dismissed "pursuant to the finding of no probable cause."

■■ Respondent argues that the dismissal on the State's motion was a voluntary dismissal and as such is not appealable. To characterize the dismissal as voluntary, however, misconstrues the record. The State asked for the dismissal "pursuant to the finding of no probable cause." The word "pursuant" suggests that the prosecutor was cognizant of section 3—6(1) of the Juvenile Court Act, which states that, "[i]f the court finds that there is not probable cause * * * it shall release the minor and dismiss the petition." (Ill. Rev. Stat. 1979, ch. 37, par. 703—6(1).) In light of section 3—6(1), the State's request for a dismissal merely ensured that the trial court's disposition of the petitions complied with the applicable statute.

The notion that the State voluntarily sought dismissal of the petitions

is further dispelled by the written order of the trial court. This order was entered October 30, 1980, *nunc pro tunc* to June 30, 1980 (the date of the probable cause hearing), and states that the petitions are dismissed pursuant to section 3—6(1). Since the dismissal was mandated by statute, it cannot have been "voluntary" with respect to the State.

Nevertheless, the fact that the dismissal was not voluntary does not resolve all questions concerning the appealability of the order. Respondent contends that the State cannot appeal from a finding of "no probable cause." At the threshold is the issue of finality: the reviewing court generally has jurisdiction only over *final* judgments. (See *Commonwealth Loan Co. v. Baker* (1968), 40 Ill. 2d 506, 508, 240 N.E.2d 682.) This court has held that a finding of no probable cause is not a final judgment. (*People v. Harkness* (1975), 34 Ill. App. 3d 1, 3, 339 N.E.2d 545.) In both civil and criminal cases, there is no appeal from a nonfinal order unless the appeal is specifically authorized by statute or rule. See *People v. Miller* (1966), 35 Ill. 2d 62, 67, 219 N.E.2d 475.

The State has cited no specific rule authorizing the instant appeal. Rather, the State argues that the order of the trial court falls within "those instances whereby the substantive effect of the judgment would be the dismissal of the indictment, information or complaint." (See *People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, quoting *People v. Rotramel* (1972), 5 Ill. App. 3d 196, 198, 282 N.E.2d 484.) We agree that the "substantive effect" of an order should be considered and we find that the order below was not final in its "substantive effect."

A final and appealable order terminates the litigation on the merits. (See *People v. Culhane* (1975), 34 Ill. App. 3d 158, 159, 340 N.E.2d 63.) It is difficult to see how the trial court's order in the case at bar effects such a termination. Nothing prevents the State from gathering more evidence and drawing up new petitions in another attempt to show that probable cause exists. No double jeopardy problem arises as long as the State is not involved in proceedings "aimed at reaching a final determination of [respondent's] guilt or innocence of the offense charged." (*People v. Chatman* (1967), 38 Ill. 2d 265, 270, 230 N.E.2d 879.) Successive proceedings to establish probable cause are barred only if they amount to harassment. See *People v. Overstreet* (1978), 64 Ill. App. 3d 287, 289, 381 N.E.2d 305.

The State acknowledges that a dismissal for want of probable cause is not final or appealable in adult criminal cases, but the State maintains that this is not the rule with respect to juvenile court adjudications. The State argues that the wording in section 3—6(1) of the Juvenile Court Act ("If the court finds that there is not probable cause * * * it shall release the minor and dismiss the petition") requires a dismissal that is final and conclusive by virtue of the principle of res judicata. The State's reasoning in this respect is circular. The doctrine of res judicata applies only to *final*

judgments. (See *People v. Kidd* (1947), 398 Ill. 405, 408, 75 N.E.2d 851.) The dismissal of a petition for adjudication of wardship cannot have a res judicata effect unless it is final. No wording in section 3—6 convinces us that the legislature intended to impose such finality on the findings made at the detention hearing.

■■ We conclude that the litigation was not necessarily terminated by the trial court's findings and that no statute or rule permits an interlocutory appeal of this type. (*Cf.* Ill. Rev. Stat. 1979, ch. 110A, par. 604(a) (detailing the grounds for the State's appeal in criminal cases).) In *People v. Kent* (1972), 54 Ill. 2d 161, 295 N.E.2d 710, our supreme court (Schaeffer, J.) stated:

> "We know of no Illinois authority, however, which holds that an order releasing an accused for want of probable cause is appealable, or that it is in any way conclusive upon the prosecution." (54 Ill. 2d 161, 164.)

The instant case provides us with no compelling reason to depart from the accepted rule. The appeal is therefore dismissed.

Appeal dismissed.

DOWNING and PERLIN, JJ., concur.