Cook v. Piper.

———

**Mabel Cook, by Her Next Friend, v. Seth Piper, Thomas Piper and Mrs. A. S. Piper, Partners under the Name of A. S. Piper & Co.**

1. Bill of Exceptions—*Insufficient Statement to Show Oral Instructions.*—The following statement in a bill of exceptions—" Whereupon the defendants, by their counsel, then and there moved the court to instruct the jury to render a verdict for the defendants of not guilty,

which the court granted and so instructed, and accordingly the jury returned the following verdict," etc., is not sufficient to show that the court orally instructed the jury to return such a verdict.

2. PRESUMPTIONS—*As to Instructions.*—Where the record shows that the court instructed the jury to find the defendants not guilty, the presumption is that the court instructed the jury in writing, as required by law.

3. SAME—*As to Bills of Exceptions.*—Whenever a party has so framed his bill of exceptions as to leave room for presumptions, such presumptions must be indulged in as will support the judgment of the court below.

4. SAME—*Of Negligence.*—Proof of an injury occurring as the proximate result of an act which, under ordinary circumstances, would not have caused an injury if done with due care, is sufficient to make out a presumption of negligence.

5. NEGLIGENCE—*Reasonable Evidence of, Must Exist.*—Reasonable evidence of negligence must exist. But where a delivery wagon is shown to be under the management of the owner or his servants, and the accident in question is such as in the ordinary course of the business does not happen if such owner or servants use proper care, it affords reasonable evidence that the accident was the result of want of care.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict for defendants by direction of the court. Error by plaintiff. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed December 23, 1898.

FRANK CROSBY and J. H. LAWLER, attorneys for plaintiff in error.

SCHUYLER & KREMER, attorneys for defendants in error.

MR. JUSTICE HORTON delivered the opinion of the court.

In the early part of August, 1892, the plaintiff in error, then a child ten years of age, was injured on South Paulina street, in this city, by a cake of ice which fell upon her from the rear end of an ice wagon belonging to defendants in error. She had just run across the street diagonally, to the rear of the wagon, but not at the usual street crossing. She says that she went there to ask the iceman for a piece of ice to eat. When she started across the street the wagon

was standing still, one of the men belonging with it having gone into an adjacent house.  He came out and got onto the front of the wagon, and it seems most probable from the testimony that the wagon had been started forward before plaintiff in error came up to the rear of it.  She did not get near enough to the wagon to touch it, when the ice fell upon her.  Ice was piled two or three tiers high at the rear end of the wagon, which was open, with no one upon that end of the wagon, and apparently no barrier or guard to prevent the ice from falling out.  At the conclusion of the testimony offered by plaintiff in error, the court, upon the motion of defendants in error, instructed the jury orally to find a verdict for the defendants.

The questions presented by the arguments before us are, (1), that it is error to instruct a jury orally to return a verdict for defendants; and (2), that the defendants in error were guilty of negligence in not placing some guard upon their wagon to prevent the ice from falling out; that no negligence is shown on the part of plaintiff in error, and that therefore the case should not have been taken from the jury.

First.  Must an instruction directing a jury to return a particular verdict be in writing?  This point is not properly before us for determination.  Although contained in the assignment of errors, and urged in argument for plaintiff in error, it is not in the record.  In the bill of exceptions, the recital is as follows: "Whereupon the defendants, by their counsel, then and there moved the court to instruct the jury to return a verdict for the defendants of not guilty; which the court granted and so instructed, and accordingly the jury returned the following verdict," etc.

Whatever the fact may be, the record shows that the court instructed the jury to find the defendants not guilty, and the presumption is that the court instructed the jury in writing, as required by law.  Until the contrary is made to appear the error assigned on this point is unavailing.

As stated in Johnson v. Glover, 19 Ill. App. 585, 588,

" whenever a party has so framed his bill of exceptions as to leave room for presumptions, such presumptions must be indulged in as will support the judgment of the court below."

Second.    Was there any question as to negligence which should have been submitted to the jury?

In N. C. St. Ry. Co. v. Cotton, 140 Ill. 486, 494, it is said that " proof of an injury occurring as the proximate result of an act which, under ordinary circumstances, would not, if done with due care, have injured any one, is enough to make out a presumption of negligence."

And the Supreme Court there quoted with approval, from Scott v. Docks Co., 3 Hurl. & C. 596, this rule: " There must be reasonable evidence of negligence.  But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

To the same effect are I. C. R. R. Co. v. Phillips, 49 Ill. 234, 239; Hart v. Washington Park Club, 157 Ill. 9, 15; N. Y. C. & St. L. R. R. Co. v. Blumenthal, 160 Ill. 40, 48.

The proximate cause of the injury to plaintiff in error was the falling of the cake of ice from the rear end of defendant's wagon.  Of course defendants in error do not admit that this was from want of due care; that is, by reason of negligence on the part of their servants.  It must be true, however, that it was a usual or an unusual thing— an ordinary or an extraordinary circumstance—for cakes of ice to fall from the wagons of defendants in error as they passed along the streets of the city.  If it was a usual, an ordinary occurrence, then it was negligence for defendants in error not to put some guard upon this wagon to protect persons upon the street from injury.  If it is not a usual or ordinary occurrence—that is, if the accident is " such as in the ordinary course of things does not happen "—then, under the rule of law above quoted, and " in the absence of expla-

nation by the defendant," the presumption arises that the injury is from want of care. In either case, culpable negligence on the part of defendants in error or their servants is imputed, and the cause should not have been taken from the jury.

As this case must be remanded for a new trial, we refrain from expressing any opinion as to whether piling cakes of ice in an ice wagon, without any guard to prevent them from falling upon persons who may be passing the rear of such wagon, is or is not negligence.

For the reason indicated, this cause will be reversed and remanded.