## Joseph H. Strong, Administrator, Plaintiff in Error, v. Anna Kadlec, Defendant in Error.

### Gen. No. 15,904.

1. INSTRUCTIONS—*when peremptory properly given upon court's own motion.* If all the evidence of the plaintiff, when taken together with every fair and reasonable inference to be drawn therefrom, does not tend to support the cause of action set out in his declaration, there is no error in the court's giving a peremptory instruction of his own motion.

2. INSTRUCTIONS—*presumption as to how given.* In the absence of a showing to the contrary it will be presumed that the trial judge instructed the jury in writing.

3. INSTRUCTIONS—*reason for giving not required.* Under our practice it is not required that the trial judge shall state his reasons for the giving of peremptory or other instructions.

4. NEW TRIAL—*effect of written motion.* Points not specified in a specific written motion for a new trial are waived.

Error to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

OSSIAN CAMERON, for plaintiff in error.

WEISSENBACH, SHRIMSKI & MELOAN, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

The declaration in this case consists of two counts, in the first of which it is alleged that Susanna Mary Coleman, the mother of Willhamar Albert Coleman, applied to defendant in error for a quantity of castor oil to be administered to the said Willhamar Albert Coleman; that defendant in error was a pharmacist in Chicago, and held herself out to be possessed of the requisite care, skill and knowledge to safely prosecute business; that defendant in error negligently sold and delivered to the said Susanna Coleman camphor-

ated oil, a dangerous and deadly poison, as and for castor oil, and labeled the same "Castor Oil;" that the said Susanna, believing the camphorated oil to be castor oil, administered it to the said Willhamar, from the effects of which he died. The second count is the same in substance as the first, except that it charges the drug sold to be "a dangerous and deadly drug, the name of which is unknown to the plaintiff." At the close of the evidence for plaintiff, the court instructed the jury to find the defendant not guilty, which the jury accordingly did.

The errors presented for the consideration of this court by the argument of plaintiff in error are, the giving of the peremptory instruction; that the court gave the instruction of his own motion; that the court gave the instruction orally, and that the court assigned no reason for giving the instruction.

If all the evidence of plaintiff in error, when taken together with every fair and reasonable inference to be drawn therefrom, does not tend to support the cause of action set out in his declaration, there was no error in giving the peremptory instruction. Giving the testimony the most liberal construction for plaintiff in error, it utterly fails to show several elements necessary to a right of recovery. There is no proof of what drug was sold as "castor oil," or that it was a poisonous or deleterious drug, or that the death of Willhamar was caused by the administration of the drug. These facts were of the essence of plaintiff in error's right to recover, and not being proven, it was eminently proper that a verdict of not guilty should be directed. That the peremptory instruction was given by the court on its own motion is not error. It is clearly the duty of the court to so direct a verdict when the plaintiff's case fails for want of proof. Stumps v. Kelley, 22 Ill. 140. It would certainly be a strange situation if a court must sit on indefinitely and listen to the defendant attempt to prove he was not liable

when the plaintiff had failed to offer any proof that he was, merely because the attorney for the defendant for reasons of his own, or because he fails to appreciate the situation, does not move for a peremptory instruction.

The contention that the court instructed the jury orally is not supported by the record. In the absence of a showing to the contrary it will be presumed that the learned trial judge had before his mind the requirements of the statute, that instructions should be in writing, and that he followed those provisions. If he did not do so, and appellant desired to take advantage of that fact, he should have seen to it that the record recited the facts. Not having done so, the error assigned on this point in unavailing in this court. Cook v. Piper, 79 Ill. App. 291. This point is not available to plaintiff in error in this court for the further reason that when a party to a suit files in a trial court a motion for a new trial and specifies his grounds therefor, he will be deemed to have waived all other grounds or reasons for a new trial. Plaintiff in error made a motion for a new trial in this case and in that motion failed to make any claim that the instruction had been orally given. He thereby waived any right he might have had to have that point considered on review by this court. Illinois Central R. R. Co. v. Johnson, 191 Ill. 594; Landt v. McCullough, 206 *id*. 214.

It is lastly contended by plaintiff in error that the trial court committed error in failing to assign reasons for giving the peremptory instruction referred to. Whatever may be the rule in other jurisdictions, there is no rule in this state requiring the trial judge to give reasons for his rulings on giving or refusing instructions either general or peremptory. On the contrary, the courts of review of this state have uniformly refused to consider the reasons sometimes given by trial judges for their rulings, but insist on looking

into the record to see what reasons in fact exist for the same.

Finding no error in this record, the judgment of the court below is affirmed.

*Judgment affirmed.*