**Robert McKinney, as Administrator of Estate of John W. McKinney, Deceased, Plaintiff-Appellee, v. R. L. Cratty, d/b/a R. L. Cratty Insurance Agency, and Rural Insurance Exchange, a Reciprocal, Defendants-Appellants.**

Gen. No. 11,155.

Second District, Second Division.

September 24, 1958.

Released for publication October 7, 1958.

John Kristofer, of Chicago (Stanley J. Gros, of counsel) for appellant.

Pedderson, Menzimer and Conde, of Rockford (Harold Stern, of counsel) for appellee.

JUSTICE WRIGHT delivered the opinion of the court.

The defendant, Rural Insurance Exchange, a reciprocal, filed a notice of appeal in this case on November 29, 1957.

It appears from the record that defendant seeks to appeal from a judgment entered by the Circuit Court of Winnebago County on a verdict returned by the jury in the amount of $1,000 in favor of the plaintiff.

The action was brought to recover on an automobile insurance policy providing for medical payments. Defendant contends that plaintiff failed to prove a valid contract for medical payments coverage insurance, and the trial court should have directed a verdict in favor of defendant. The plaintiff filed in this court on January 8, 1958, a motion to dismiss the appeal setting forth various reasons relied on for the dismissal.

The principal ground relied upon in the motion to dismiss is that the post-trial motions for judgment notwithstanding the verdict and for a new trial were made

immediately upon discharge of the jury; were made orally and not in writing; did not contain the points relied on or the grounds in support thereof, all as provided by sec. 68.1 of Chap. 110 Ill. Rev. Stat., 1957.

The record in this case discloses that immediately following the return of the verdict by the jury finding the defendant guilty and assessing damages in the amount of $1,000, the defendant made an oral motion for judgment notwithstanding the verdict and for a new trial and stated to the court that he did not wish to argue the motions. The motions were overruled and judgment entered on the verdict.

Sec. 68.1 of Chap. 110 Ill. Rev. Stat., 1957, provides that relief desired after trial in jury cases, heretofore sought by reserved motions for directed verdict, motions for judgment non obstante veredicto, for judgment notwithstanding the verdict, in arrest of judgment or for new trial must be sought in a single post-trial motion. The act further provides that the post-trial motion must contain the points relied upon particularly specifying the grounds in support thereof, and must state the relief desired, and further provides that a party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not particularly specified in the motion. The act further provides that the post-trial motions must be filed within thirty days after the entry of the judgment.

 While it is true that the statute does not specifically provide that the post-trial motion must be in writing, we are of the opinion that the act contemplates that the post-trial motion should be in writing, because the act provides that the motion must be filed and that it must contain the points relied upon and particularly specify the grounds in support thereof.

 Since the record in this case discloses that the post-trial motion was made orally and did not contain

563

the points relied upon and specify the grounds in support thereof, we conclude that the defendant cannot urge as error in this court the ruling on the post-trial motion.

For the reasons herein stated, the appeal is dismissed.

CROW, P. J. and SOLFISBURG, J., concur.