Pearl Neiman and Tilva Paull, Appellants, v. City of Chicago, a Municipal Corporation, Appellee.

Edna Ripstein, Appellant, v. City of Chicago, a Municipal Corporation, Appellee.

Pearl Neiman and Tilva Paull, and Edna Ripstein, Appellees and Cross Appellants, v. City of Chicago, a Municipal Corporation, Appellant and Cross Appellee.

Gen. Nos. 48,436, 48,439, 48,551.

First District, Third Division.

October 3, 1962.

Harry S. Posner, of Chicago (Fred S. Posner, of counsel), for Pearl Neiman and Tilva Paull, appellants, appellees and cross appellants; Philip H. Corboy, of Chicago (James P. Chapman, of counsel), for Edna Ripstein, appellant, appellee and cross appellant.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Harry H. Pollack, Assistant Corporation Counsel, of counsel), for City of Chicago, appellee, appellant and cross appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This court allowed petitions for leave to appeal from an order granting a new trial in the suits of Edna Ripstein v. City of Chicago and Pearl Neiman and Tilva Paull v. City of Chicago. The petitions, filed in accordance with section 77(2) of the Civil Practice Act, were based on the ground that the order of the trial court granting a new trial is void.

The case grew out of an accident caused by a collision of two automobiles. One automobile was owned and operated by William Paull. Samuel and Edna Ripstein, Benjamin and Pearl Neiman, and Tilva Paull were passengers in that automobile. Paull was driving in a northeasterly direction on Ogden Avenue in the City of Chicago, and as he entered the intersection at Lincoln Avenue his vehicle was struck by a car driven by Tom H. Kimura. Edna Ripstein filed suit in the Superior Court of Cook County August 18, 1954 against Tom H. Kimura and the City of Chicago for personal injuries sustained in the accident. On motion of Kimura the court on June 1, 1960 transferred the case to the Circuit Court of Cook County so that it might be consolidated with a case pending there. The Circuit Court case was brought by Pearl Neiman and Tilva Paull, who were also passengers in the Paull car. They filed suit for personal injuries against Kimura and the City of Chicago.

In both suits it was alleged as a basis for the suits against the City of Chicago that the city had installed traffic signals at the intersection where the collision occurred but that on the day of the occurrence in

question the signals were not in proper working order due to the negligence of the City of Chicago, and that as a proximate result the collision occurred. The two cases were consolidated for purpose of trial.

In the original Circuit Court case Benjamin Neiman and William Paull were also plaintiffs. In the Superior Court case Samuel Ripstein was a plaintiff. On October 10, 1960 an order was entered dismissing Samuel Ripstein and Tom H. Kimura, and on the same date Benjamin Neiman and William Paull took a nonsuit as to the City of Chicago.

On October 14, 1960 the jury returned separate verdicts for the plaintiffs against the City of Chicago in the following amounts: Edna Ripstein, $75,000; Pearl Neiman, $35,000; Tilva Paull, $4,000. The court forthwith entered judgment on each of these verdicts.

On October 19, 1960 the City of Chicago, hereinafter referred to as defendant, mailed a "Notice of Motion" to the plaintiffs. The notice stated that on November 2, 1960 the defendant would appear before the trial judge and move the court to set aside the verdict, vacate the judgment, and enter judgment in favor of the defendant, or in the alternative grant a new trial. The notice further stated: "A petition in support of this motion will be served on you before November 2, 1960." It is admitted that the first draft of the petition was not served on the plaintiffs until November 18, 1960. The notice fails to disclose any intention on the part of the defendant to request an extension of time to file the post-trial motion or to "refile" the motion at a later date. The only written instrument in the record which bears the filing date of November 2, 1960 is the following order: "Motion of Def. City to set aside the verdict or for other relief is entered and continued for hearing on Nov. 21st, 1960 at 2 p. m."

311

A post-trial motion was filed by the defendant on November 21, 1960. That motion moved the court to vacate the judgment on the verdicts and to enter judgment for the defendant or in the alternative to grant a new trial for the reason that the verdicts were against the weight of the evidence. Certain evidentiary errors were asserted, and it was further asserted that the damages assessed by the jury in favor of Edna Ripstein, Pearl Neiman and Tilva Paull were in each case excessive. Further errors were alleged as to the court's rulings on defense objections and instructions.

On December 14, 1960 the defendant filed a petition in the Circuit Court. In that petition it was alleged that on October 14, 1960 the trial court had entered judgment on the verdicts for the plaintiffs against the defendant; that on November 2, 1960, pursuant to notice duly served, the defendant appeared before the court to file and have heard its post-trial motion, and that the post-trial motion "now on file bearing date of November 21, 1960, did actually come into the physical control and custody of the Deputy Clerk of the Court, Martin Stein, in the presence of the Court for the purpose of filing and was thus filed on that date, and that said Deputy Clerk, Martin Stein, omitted to stamp the Post Trial Motion 'filed November 2, 1960'"; that counsel for the plaintiffs asked the trial judge that the motion be entered and continued to November 21, 1960 to accommodate one of counsel for plaintiffs who was unable to be present to argue the motion on November 2nd; that counsel for the defendant requested leave of the court to take the motion back to his office to bind it and affix a blue back thereon, and to refile the same at the hearing on November 21, 1960; that "thereupon, the Court did orally order said motion entered and continued to November 21, 1960, for hearing and extended the

time to *refile* said motion on said date, and further directed counsel for the defendant to prepare for the Court's signature a written order to that effect." (Italics ours.) It was further alleged that counsel for the defendant had inadvertently omitted from the written order prepared by him and presented to the court the extension of the time to "refile" said motion on November 21, 1960 as ordered by the court; and that counsel for the defendant did *"refile"* on November 21, 1960 the Post Trial Motion . . . ." (Italics ours.) In the petition the defendant prays that the court enter its order nunc pro tunc as of November 2, 1960 amending the orders of that date by adding at the end a paragraph to provide that the defendant be granted "an extension of time to November 21, 1960, to *refile* with this Court its Post Trial Motion," and in the alternative the defendant prays that the court enter an order finding that the post-trial motion of the defendant was filed on November 2, 1960 and that the court order the clerk of the court to stamp the motion as filed on that date. (Italics ours.)

Edna Ripstein filed an answer to the defendant's petition on December 21, 1960. In that answer she admits that her attorney on October 20, 1960 received a copy of the notice; that no petition of any kind was served upon her counsel before November 2, 1960; that an employee of her counsel had attended the proceedings on November 2nd in the trial court, but she denies that her counsel asked the trial judge to enter any motion or to continue any motion for the purpose of accommodating counsel for any of the plaintiffs. She further asserts that the post-trial motion was not filed on November 2, 1960, and that there is nothing in the record showing any order of the court, oral or written, extending the time for filing the post-trial motion more than thirty days after the entry of the judgment. The answer further denies

313

that counsel for defendant did *"refile"* on November 21, 1960 the post-trial motion in compliance with the order of the trial court, and states that no order to that effect was made, that the post-trial motion had not been "filed" within the statutory period, and that there could be no "refiling" of a document which had never been filed. The answer further stated that on November 18, 1960, for the first time, plaintiff through her counsel was served with a copy of the post-trial motion and that three days later, for the first time, a post-trial motion was filed with the clerk of the trial court. It is further alleged in the answer that the relief sought by the defendant, an order amending the order of November 2, 1960 nunc pro tunc to show an extension of time to November 21, 1960 to "refile" with the court its post-trial motion, would be improper since on November 2, 1960 no post-trial motion had been filed, and that the relief sought by the defendant in the alternative, an order directing the clerk to stamp the post-trial motion as filed on November 2nd, is not in accordance with the uncontroverted facts since the post-trial motion was not filed on November 2nd.

On December 14, 1960 attorneys for the plaintiffs Edna Ripstein, Pearl Neiman and Tilva Paull, as well as attorneys for the defendant, appeared in the trial court. In that hearing counsel for the defendant stated that he was presenting to counsel for plaintiffs a revised petition which differs from the original petition served with the notice, in that certain representations in the original petition with reference to the misfeasance of the deputy clerk of the court have been eliminated. During argument counsel for Neiman and Paull stated that he received a letter bearing date of November 17, 1960, from the assistant corporation counsel representing the defendant, which said: "Enclosed please find copy of Post Trial Mo-

314

tion of City of Chicago in above mentioned case. As you know, the hearing on the motion has been set for November 21, 1960 . . . ." Counsel for Neiman and Paull further stated that there was enclosed a document marked "Post-trial motion"; that on November 21, 1960 he received a letter from the defendant bearing date of November 21, 1960 which stated that due to a clerical error in its office pages 15 through 18 of the post-trial motion have been incorrectly assembled, and the letter contained the further statement: "Will you kindly substitute the enclosed pages, numbered 15 through 20, for the pages you have in your hands presently, numbered 15 through 18." An assistant corporation counsel of the defendant stated that on November 2, 1960 he had handed the post-trial motion to the clerk. Another counsel for the defendant stated: "We are not contending here that any motion was filed before—on November 21, a motion was filed. We are here seeking an order to bring that motion within the statute, seeking an order extending the time to November 21 for the filing of that motion. It is our contention that that is what the order should have read. . . ." the following discussion then took place:

"Mr. Corboy [attorney for plaintiff Edna Ripstein]: Let me ask this in all seriousness and all courtesy: Was your motion filed within the statutory period?

"Mr. Berc [an assistant corporation counsel]: Yes, if this order is entered.

"Mr. Corboy: As of right now?

"Mr. Berc: Yes, as extended by the Court.

"Mr. Corboy: Let the record speak for itself. It was not. I am not asking for the relief you are seeking. I am asking as of right now.

"Mr. Berc: You said November 21, 1960.

315

"Mr. Corboy: What would have been the thirty-day period?

"Mr. Berc: November 14 would have been the thirty-day period. That speaks for itself, and that is why we are asking for this order.

"Mr. Corboy: I am not at all suggesting that I am unaware of what relief you are seeking. You are seeking a nunc pro tunc order—which you did not do.

"Mr. Berc: That speaks for itself, does it not?

"Mr. Corboy: I realize what you are seeking.

"Mr. Berc: Our petition does not say we filed before that date.

"Mr. McGury [another assistant corporation counsel of the defendant]: (Reading) 'Would be entered and continued.'

"Mr. Corboy: That is my point. How could it be entered? We did not even have it.

"Mr. Berc: You can make an oral motion for a new trial. You can make oral motions and enter them and if the written motion is on file within the statutory period or a period extended by the Court, it is good.

". . .

"Mr. Berc: We just got through telling you we did not file the motion within the thirty day period. . . ."

Mr. Corboy then asked the court if it wished to give any information as to whether it did or did not on November 2nd orally order the motion. The court replied:

"As I said before, I am not going to say anything here now. What I have said is this: That is, what is in the record here, what is in the minute book, and this order I hold in my hand now, which is the order of November 2, speak for themselves

316

for the time being, and I do not want to make any further expression."

The hearing was continued until December 21, 1960. At that time Martin Stein, who was the deputy clerk in the trial court on November 2nd, testified under oath that the counsel for the defendant gave him the beforementioned notice, which he took and filed, that defendant's counsel gave him no other documents nor did counsel give him any petition or motion for a new trial, and that no oral statements of any kind were made before the court, nor did the court make any oral statements.

One of counsel for the defendant stated that he had talked to the court in chambers and that the court had told him that he could have an extension to file a post-trial motion until November 21st.

From the record it does not appear that anybody representing the defendant had in open court requested leave of the court to take the post-trial motion back to the office of the corporation counsel to bind and affix a blue back. There is nothing in the record to show that an order was entered in open court stating that the post-trial motion had been entered or that the time be extended in which to file such motion. After the hearing on December 21, 1960 the trial court entered an order in which it found that on November 2, 1960 the defendant appeared before the court to file and have heard its post-trial motion and that the said motion which is now on file, bearing date of November 21, 1960, was then actually presented to the court; that the court at the request of the defendant orally ordered the motion entered and continued to November 21, 1960 for hearing, and "extended the time to refile said motion on said date" and directed counsel to prepare a written order to that effect; that the order which the defendant prepared and which the court signed omitted through inadvertence of coun-

317

sel a sentence expressly extending the time to file the motion on November 21, 1960 as ordered by the court. The order further states "that this omission to fully express the order of this Court of November 2, 1960, is definitely in the memory of the Court and is also independently memorialized by the language and portent of said Order itself and by the Notice of Post-Trial Motion filed herein on November 2, 1960," and the court in order to supply the omission from the order of November 2, 1960 ordered nunc pro tunc as of November 2nd that the orders entered on that date be amended to provide that the "defendant, City of Chicago, be, and it is hereby granted an extension of time to file its Post Trial Motion with this Court on November 21, 1960, the date set for the hearing of the Motion."

The court in its order has stated that it relies on the language and "portent" of the order as one of the bases for entering the nunc pro tunc order. In passing it might be worthwhile to note that in Webster's New International Dictionary, 2nd ed, under "portent" appears the following: ". . . now, usually, an event, situation or the like, which presages evil."

Plaintiffs Ripstein, Neiman and Paull on January 3, 1961 filed a motion to vacate the order of December 21, 1960. In that motion they allege that there is no written note or memorandum in the records or quasi records of the court, or in the judge's minutes, in any book required to be kept by law, or in the papers on file, to justify the entry of the order; that the only memorandum is the "portent" of the order of November 2, 1960 which is the order modified by the court; and that the only basis for the entry of the orders of December 21, 1960 was the statement of the defendant's counsel in his petition and the memory of the trial judge. February 8, 1961 the court denied plaintiffs' motion. On the same day, the trial court entered

318

a further order in which it states that the cause comes on to be heard on the post-trial motion of the defendant, City of Chicago, and the court, after considering the motion which prays, among other things, for a new trial on the ground that the verdicts herein are excessive, and after hearing arguments of counsel for all parties and being fully advised in the premises, finds that the amounts of the verdicts rendered by the jury on behalf of the respective plaintiffs are excessive and are not warranted by the evidence in the case. The court further ordered that if the plaintiffs Ripstein, Neiman and Paull shall file within a certain time designated remittiturs from the judgments the defendant's motion for a new trial will be denied, and if they fail to file such remittiturs the motion for a new trial shall be allowed.

Plaintiff Ripstein on February 9, 1961 filed a remittitur in accordance with the court's order. No remittitur was filed by the plaintiffs Neiman or Paull.

The court on February 14th entered an order denying that portion of the defendant's post-trial motion which prayed for judgment notwithstanding the verdicts, and on March 13, 1961 an order was entered in the trial court reciting that only the plaintiff Ripstein had filed a remittitur as directed by the court in his order of February 8th, and further ordering a new trial as to the defendant against all the plaintiffs, Neiman, Paull and Ripstein.

Plaintiff Ripstein in case bearing our General Number 48439, and plaintiffs Neiman and Paull in case General Number 48436, filed in this court petitions for leave to appeal from the order granting a new trial, in accordance with section 77(2) of the Civil Practice Act, which petitions were allowed. The city filed a notice of appeal from the order of the trial court denying its post-trial motion for judgment notwithstanding the verdict, and plaintiffs Neiman, Paull

319

and Ripstein filed notices of cross appeal, which appeal and cross appeals were filed in this court as General Number 48551. Plaintiffs Neiman and Paull filed a motion to dismiss the appeal of the defendant, which motion was taken with the case. Case No. 48551 was consolidated for review with cases 48436 and 48439.

In the light of all the foregoing facts the first question to be decided is whether the post-trial motion was filed in apt time in accordance with section 68.1 of the Civil Practice Act.

The petition of the defendant filed on December 14, 1960 prayed that the order of November 2nd be amended nunc pro tunc to show that the court had allowed an extension of time to file the motion, or, in the alternative, that the court find that the motion was actually filed on November 2nd and order the clerk to so stamp it. The court's order of December 21st impliedly denied that the defendant had actually filed the motion on November 2nd. The order attempted to correct the court's order of November 2nd by entering an order nunc pro tunc as of November 2nd granting the defendant "an extension of time to file its Post Trial Motion." The court in the order entered on December 21st stated that its basis for the nunc pro tunc amendment of the November 2nd order was its memory and the "portent" of the order entered on that day. The memory of the court could have no effect upon the question. The order on which the court relies was the order which it corrected by the nunc pro tunc order. There is nothing in that order to support the court's order of December 21st.

In In re Estate of Young, 346 Ill App 257, 104 NE 2d 850, the opinion points out that the court cannot use the nunc pro tunc order as an artifice for a correction of the record. On page 266 of the opinion the case of City of Chicago v. Evon, 339 Ill App 580, 91 NE2d 456, is cited. In the latter case the court says:

320

"The rule is well settled that after term the power of amending the record is confined to clerical errors and matters of mere form, and these may, upon notice to parties in interest, be corrected so as to make the record conform to the facts (People v. Lyle, 329 Ill 418); but the rule is equally well settled that 'the fact that a particular order has been made by the court at a previous term, if it is not of record, can only be shown "by the production of some note or memorandum from the records or quasi records of the court, or by the judge's minutes, or some entry in some book required to be kept by law, or in the papers on file in the cause. It cannot be determined from the memory of witnesses or by the recollection of the judge himself.' " Wesley Hospital v. Strong, 233 Ill 153."

In City of Chicago v. Evon the court also quotes from Chicago, B. & Q. R. Co. v. Wingler, 165 Ill 634, 46 NE 712:

" '. . . The judgments and records of courts cannot rest in parol or upon so uncertain a foundation as the personal recollection of the judge or any other person, and the fact that a judgment was rendered at a former term cannot be determined from the memory of witnesses or the personal recollection of the judge himself. Where there is no minute or memorial paper in the records of the court to show that judgment was in fact pronounced it cannot be so entered.' "

See also Martinez v. Seymour, 348 Ill App 112, 108 NE2d 30; McCord v. Briggs & Turivas, 338 Ill 158, 170 NE 320; Clark v. Augustine, 342 Ill App 296, 96 NE2d 582; Kretzinger v. Lewis, 174 Ill App 45. In Lindauer v. Pease, 192 Ill 456, 61 NE 454, the court says: "A nunc pro tunc order cannot be made to

321

supply an omission to make an order, but only an omission in the record of the order."

In support of its position the defendant cites Parradee v. Blinski, 342 Ill App 292, 96 NE2d 579, which was a case tried in the Municipal Court of Chicago. A judgment for possession of the premises involved was entered on July 28, 1949, but the writ of restitution was stayed until December 31, 1949. The defendant was to pay for use and occupancy until that time. On January 4, 1950 an agreed order was entered staying the writ until May 31, 1950, which order also provided for the payment for use and occupancy and declared all previous orders null and void. Five days before the expiration of the second stay the defendant filed a petition alleging that the money accepted for the use and occupancy constituted a new lease and that the January 4th order, which had nullified the previous order for possession, resulted in a situation where there was no judgment order for possession and therefore the plaintiff was not entitled to a writ of restitution. The petition was argued on June 5, 1950. The court entered a nunc pro tunc order amending the January 4th order so that it provided for possession. Defendant on appeal contended that there was no valid judgment to support the writ of restitution in that the order of June 5, 1950, which was entered after the thirty days had elapsed, was ineffective because there was no written memorial in the court's records to substantiate the January 4th order. On appeal the Appellate Court found for the plaintiff. It pointed out that the practice in the Municipal Court of Chicago upon the pronouncement of a judgment in cases of this character is for the clerk to affix a stamp imprinting the terms of the fully extended judgment and that this was the intention in this case but he failed to do so. The court says:

"The staying of a writ of restitution presupposes a judgment for possession and if any memorial is needed to support correction of the order, it was furnished by the very terms of the order itself. The memorandum upon which a court may reform the records to make them speak the truth, whether such action be taken because of a misprision of the clerk or a malfeasance, is a *note or memorandum from the records or quasi-records of the court,* or on the judge's minutes, or some entry in some book required by law to be kept, or in the papers on file in the case. McCord v. Briggs & Turivas, 338 Ill 158, 164. There could be no better memorandum than the order of January 4, 1950, which in itself shows the error."

In that case the court realistically attempted to correlate the plain meaning of the various orders so as to arrive at a logical understanding of what actually transpired. In the instant case, if we were to follow the same type of approach in the present situation, we must reconcile the order of November 2, 1960 and the nunc pro tunc order of December 21, 1960 in order to determine what actually transpired on the former date. The defendant contends that the words "is entered" in the November 2nd order have a very definite and positive meaning. In support of its position it quotes from 30 CJS, p 258, which defines the word "enter" as follows:

"In practice, the word means to place anything before a court, or upon or among the records, in a formal and regular manner, and usually in writing, as to 'enter an appearance,' to 'enter a judgment,' and so to make a record of, and not merely to announce. In this sense the word is

nearly equivalent to setting down formally in writing, in either a full or abridged form. It may, however, be used as meaning simply to file or duly deposit; to render."

The defendant also cites the case of People v. Throop, 359 Ill 354, 194 NE 553, in which the court was required to construe the meaning of the words "such plea shall not be entered." In that case the plea was one of guilty to a criminal charge. On page 360 the court says:

"The phrase 'such plea shall not be entered' has reference to the actual entering of the plea by the clerk by writing the same in the record. In practice the word 'enter' means 'to place anything before a court or upon or among the records in a formal and regular manner, and usually in writing, as, to "enter an appearance," to "enter a judgment." ' Black's Law Dict (3d ed) p 665."

██ In accordance with these authorities we would necessarily have to find that the phrase "is entered" in the November 2nd order meant that the motion was presented to the court and that the clerk, according to the Throop case, wrote a memorial to this effect in his records. There is no evidence in the record that the clerk wrote anything in his minute book or any place else concerning the post-trial motion, and moreover he testified that this motion was not presented to him on that date. The fact of the matter is that the motion bears the filing stamp date of November 21, 1960. Even more significant is the admission in open court of one of defendant's attorneys that the motion was not filed on November 2nd. There can be no doubt that the admission by the defendant's attorney is binding upon the defendant. 18 ILP Evidence, sec 175.

The defendant in this court for the first time suggests that its attorney may have presented the post-trial motion orally to the judge on November 2, 1960. It takes the position that oral post-trial motions are valid under the Practice Act, and that even if it failed to file a written motion on November 2nd an oral one was presented on that date and therefore was presented in apt time. In support of its position it cites cases that have construed the former Practice Act: Bicek v. Royal, 307 Ill App 504, 30 NE2d 747; Koo-yumjian v. Stevens, 10 Ill App2d 378, 135 NE2d 146. Under the Practice Act as amended in 1955, effective January 1, 1956, this argument is not valid. In Mc-Kinney v. Cratty, 18 Ill App2d 561, 153 NE2d 113, the court construed section 68.1 of the present Act, and says:

> "While it is true that the statute does not specifically provide that the post-trial motion must be in writing, we are of the opinion that the act contemplates that the post-trial motion should be in writing, because the act provides that the motion must be filed and that it must contain the points relied upon and particularly specify the grounds in support thereof.
>
> "Since the record in this case discloses that the post-trial motion was made orally and did not contain the points relied upon and specify the grounds in support thereof, we conclude that the defendant cannot urge as error in this court the ruling on the post-trial motion."

██ Under the present Act there can be no such thing as an oral post-trial motion.

██ From the record it is apparent that no written post-trial motion was filed on November 2nd. It is equally apparent that there was no proper written

325

memorandum upon which the court might base its nunc pro tunc order of December 21st, which order permitted an amendment of the order of November 2nd to grant an extension of time to file the post-trial motion to November 21st. The order of the Circuit Court entered on December 21, 1960 was erroneously entered. With that order necessarily falls the order which required a remittitur or in the alternative granted a new trial, which order was entered February 8, 1961.

No post-trial motion was filed within the period prescribed by the provisions of section 68.1 of the Civil Practice Act. The motion of plaintiffs Neiman and Paull to dismiss the appeal of the defendant from the order denying its motion for judgment notwithstanding the verdicts is denied. The order entered in the Circuit Court of Cook County on December 21, 1960 purporting to correct the order of November 2, 1960 is reversed. The order entered on February 8, 1961 vacating the original judgments and granting a new trial to the defendant conditioned on the filing of remittiturs is reversed. The order of February 8, 1961 which denied plaintiffs' motion to vacate the order of December 21, 1960 is also reversed. The order of February 14, 1961 denying defendant's motion for judgment notwithstanding the verdicts is affirmed. The order of March 13, 1961 granting defendant a new trial as to plaintiffs Neiman, Paull and Ripstein is reversed. The original judgment of the Circuit Court is reinstated.

Affirmed in part, reversed in part, and original judgment of the trial court reinstated.

DEMPSEY, P. J. and SCHWARTZ, J., concur.