CARROLL LANAHAN *et al.,* Plaintiffs-Appellees, *v.* ROBERT TAYLOR *et al.,* Defendants-Appellants.

(No. 70-128;

Fifth District—October 23, 1972.

*Rehearing denied December 15, 1972.*

R. Michael Fischer, of Alton, for appellants.

Durr and Durr, of Edwardsville, (Wendell Durr, of counsel,) for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Madison County entered on a jury verdict in civil action for damages arising out

of an alleged assault and battery case. Both defendants were found guilty and plaintiff, Carroll Lanahan, was awarded damages in the amount of $5300 for injuries sustained, and his wife, Carlotta was awarded $200 for loss of consortium.

The incident occurred on October 14, 1967, and arose out of a dispute over Lanahan's right to use a roadway over the property of defendant Robert Taylor. Robert owned acreage abutting a public road from which a narrow gravel road extended back about 2000 feet over his land to a tract owned by plaintiff and another tract owned by a third party. The roadway had been used by Lanahan in going to and from his tract, and in delivering material and equipment for a house which he was building there. On the morning in question a truckload of roof trusses was stopped by a chain which Taylor had placed across the roadway between two steel posts. When Carroll Lanahan was informed of this fact, he and his brother, Jerry, came out to the site, pulled out the posts and removed the chain. Both defendants, Robert and John Taylor, were also present at that time. There was some discussion concerning plaintiff's right to use the road, but the Taylors insisted it was going to stay blocked. The Lanahans then sent for the truck and when it returned the two Taylor brothers sat down in the middle of the roadway to block it. Jerry Lanahan waved to the truck to pass on the shoulder, but when the Taylors moved over and sat in the path of the truck, each of the Lanahans grabbed one of the Taylors and endeavored to drag them away while the truck passed.

This is when the fight started. The Lanahans had grabbed the Taylors from the rear and when they struggled to free themselves everyone started swinging and wrestling until they all landed on top of one another in the drainage ditch alongside the road. Carroll Lanahan testified that he only got hit one time and that was when they all fell into the ditch. He did not know who hit him, and when he hollered that he had been "hurt" the fight ended. The Taylors went back to their house and Carroll Lanahan drove his panel truck to his building site and the truck with the trusses followed.

Carroll incurred a fractured cheek bone and a black eye. Two days later he underwent an operation, spent three days in the hospital and was unable to work as a carpenter for 4 or 5 weeks. His hospital bill was $292.15 and his doctor's bill was $345.

The trial court denied defendants' motion for directed verdict and for judgment notwithstanding the verdict. In a 20-page opinion, devoted almost exclusively to a discussion of the law of easements by implication and prescription, the trial court found as a matter of law that plaintiff, Carroll Lanahan, was not a trespasser and that he had a right to use the

roadway to get to and from his property. Plaintiff's brief incorporates this opinion and relies on it almost to the exclusion of any further argument. It appears to be the contention of plaintiff that if he had an easement the defendants' claim of defense of land was invalid and this was determinative of the entire case. We cannot agree. This is an assault and battery case and not one seeking confirmation of an easement. Even assuming that plaintiff had a right to use the roadway it was certainly not an exclusive right, but one to be shared equally with the owner of the land and the third party who also resided on the roadway. In our opinion, the pertinent question is whether the acts of plaintiff and his brother, or those of defendants, were justified under the circumstances.

■■ The facts are clear that plaintiff and his brother undertook to enforce a disputed right to an easement by resorting to physical force. Jerry Lanahan testified that in a conversation preceding the fracas he suggested that there should be no fight and that it should be taken to court in Edwardsville for settlement. But, apparently infuriated by the sit-down tactics of the defendants, he and his brother quickly abandoned such a reasonable approach and decided to settle the question physically then and there. Each of them, simultaneously they said, grabbed the Taylors from their sitting position and endeavored to drag and remove them from the road. Naturally a struggle immediately ensued. It is not clear who struck the first blow with a fist, but it is undisputed that plaintiff Lanahan and his brother made the first violent physical contact, without which there would have been no fight. In other words, the Lanahans started the fight, and it is the opinion of this court that if one starts a fight, and gets the worst of it, he is in no position to recover damages unless the other party unreasonably and excessively beats him. It is true that plaintiff suffered a fractured jaw but he specifically admitted that he did not know how or by whom he got hit. It was a general melee with four persons swinging and wrestling, and the injury did not occur until they all fell into the ditch on top of one another. Such facts do not indicate an unreasonable or excessive beating. To the contrary, it is an ordinary and natural result of any brawl whether engaged in by boys or men, and as is normal, the fight ended when someone hollered that he was hurt.

■■ We do not advocate sit-downs but we do find that defendants had a right to be on the road and that their actions were not so provocative as to give plaintiff and his brother the right to physically remove them. Defendants' sit-down tactics, under the particular facts of this case, were neither violent or even threatening, and therefore, as a matter of law, could not justify an assault any more than could flagrantly abusive words. Plaintiff's remedy was to resort to the courts to seek early redress and eventual settlement of a complicated and highly debatable issue involving

his right to use another man's land. For him to act as judge and enforcing officer was impermissible.

We therefore hold that the trial court erred in denying defendants' motions for a directed verdict and for judgment notwithstanding the verdict. The judgments of the Circuit Court of Madison County in favor of plaintiffs and against defendants are reversed.

Judgments reversed.

EBERSPACHER, P. J., and JONES, J., concur.