LARRY WELCH, Plaintiff-Appellant, *v.* RO-MARK, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 78-170

Opinion filed December 17, 1979.

John C. Ambrose, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Paul L. Pawlowski and Stanley J. Davidson, of counsel), for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, Larry Welch, appeals from an order of the circuit court

of Cook County granting a directed verdict in favor of the defendants, Ro-Mark, Inc. (hereinafter Ro-Mark), and William Hagstrom (hereinafter Hagstrom), after a judgment for the plaintiff. The plaintiff initially argues on appeal that the trial court erroneously granted the defendants' reserved motion for a directed verdict after judgment pursuant to section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) In the alternative, the plaintiff asserts that the directed verdict was improper because the evidence overwhelmingly supported the jury's verdict. In light of these errors, the plaintiff urges this court to rule upon the plaintiff's post-trial motion and award the plaintiff the relief sought therein.

We affirm.

This suit arose out of an altercation between the plaintiff and defendant, Hagstrom, the manager of the McDonald's restaurant located at 2250 West 95th Street in Chicago, on July 3, 1971, at or near the vicinity of the restaurant. As a result of this incident, the plaintiff was hospitalized for head injuries for a period of 16 days. On November 21, 1972, the plaintiff filed suit against a number of parties, including defendants Ro-Mark and Hagstrom, alleging in effect assault and battery. However, it appears that the action proceeded to trial only against the defendants and that the other parties are not involved in this appeal. The complaint alleged that the plaintiff was maliciously assaulted by the defendants or their employees and demanded punitive damages as well as special damages in the amount of almost $2,000.

Several facts concerning the trial and post-trial motions of the parties are pertinent to this appeal. At the close of the plaintiff's case, the defendant Ro-Mark moved for a directed verdict. This motion was denied. Thereafter, at the close of all the evidence, all the parties moved for directed verdicts. The trial court denied the plaintiff's motion and reserved ruling on the defendants' motion as authorized by the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 68.1(1).) The jury returned a verdict for the plaintiff in the amount of $2,000 and judgment was entered on May 26, 1977.

On June 10, 1977, within 30 days of the entry of the judgment, the trial court denied the defendants' oral request for a ruling on the reserved motion for a directed verdict. Subsequently, but also within 30 days, the plaintiff filed a written post-trial motion seeking an additur or in the alternative a new trial on the issue of damages alone. While this motion was pending, the defendants moved to vacate the June 10, 1977, order in several oral motions and in a written motion dated September 20, 1977. The written motion, entitled "Defendants' Petition and Post-Trial Motion," requested that the court vacate the June 10, 1977, order and direct a verdict in the defendants' favor on the basis of a post-trial motion

or in the alternative on the basis of section 72 relief. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) On September 29, 1977, after hearing argument on the motions, the trial court vacated the order of June 10, 1977, granted a directed verdict for the defendants, and denied the plaintiff's post-trial motion, noting that it was now moot. The plaintiff appeals.

■■ We find it unnecessary to consider the plaintiff's initial argument that the trial court erroneously granted the defendants' section 72 petition. From our review of the record, the trial court granted the directed verdict to the defendants on the basis of the post-trial relief sought in the September 20, 1977, motion, not on the basis of the section 72 relief also sought in that motion. Moreover, our review of the record suggests that the defendants' petition would not have supported section 72 relief because it failed to set forth sufficient factual allegations of due diligence. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 386 N.E.2d 284; *Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 359 N.E.2d 740.) In order to be sufficient, a section 72 petition must allege a meritorious defense, due diligence in presenting the defense, that through no fault of petitioner's an error of fact was made or a defense or claim was not raised, and that there was due diligence exercised in presenting the section 72 petition. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 386 N.E.2d 286.) The petition alleged that the trial court denied the reserved motion for a directed verdict without any hearing on the merits at the request of the defendants' trial counsel who claimed to have been led to believe that the plaintiff would not file a post-trial motion to attack the judgment. The plaintiff's motion was filed within the 30-day time period after the entry of the judgment. The petition failed to explain why the defendants did not also file a timely post-trial motion or seek an extension for filing their post-trial motion. (Ill. Rev. Stat. 1975, ch. 110, par. 68.1(3).) Nor did the petition explain why the defendants waited approximately three months before filing their section 72 petition.

Before determining whether the trial court properly entered the directed verdict for the defendants, we will consider whether the trial court possessed the jurisdiction to vacate the order of June 10, 1977, denying the defendants' reserved motion for a directed verdict and to enter the order granting a directed verdict in the defendants' favor. The defendants contend that both parties filed timely post-trial motions from the May 26, 1977, judgment and that as a consequence of these motions the trial court possessed the jurisdiction to take any action regarding the judgment, including vacating the order denying the defendants' reserved motion for a directed verdict and entering the order granting the defendants a directed verdict, until the trial court ruled upon both post-trial motions.

■■ The Civil Practice Act provides for post-trial motions to be filed

within 30 days of the entry of a judgment (Ill. Rev. Stat. 1975, ch. 110, pars. 50(5), 68.1(3)), unless the trial court allows an additional 30 days or any extension thereof. (Ill. Rev. Stat. 1975, ch. 110, par. 68.1(3).) It is well established that if no such extension has been granted, a party may not seek post judgment relief beyond the 30-day period unless the extraordinary relief afforded by section 72 of the Civil Practice Act is sufficiently raised within two years of the judgment. (Ill. Rev. Stat. 1975, ch. 110, par. 72; *In re Estate of Schwarz* (1965), 63 Ill. App. 2d 456, 212 N.E.2d 329.) The Civil Practice Act further provides that where a trial court has reserved ruling upon a motion for a directed verdict made at the close of the evidence, the motion for a directed verdict "is waived unless the request is renewed in the post-trial motion." Ill. Rev. Stat. 1975, ch. 110, par. 68.1(1).

■■ The record fails to reveal that the defendants filed a timely post-trial motion. The defendants' oral motion, seeking a ruling by the court on the reserved motion for a directed verdict, although made within 30 days of the judgment, was insufficient because it was not presented in a written motion. (Ill. Rev. Stat. 1975, ch. 110, par. 68.1(2)(3); *Neiman v. City of Chicago* (1962), 37 Ill. App. 2d 309, 185 N.E.2d 358; *McKinney v. Cratty* (1958), 18 Ill. App. 2d 561, 153 N.E.2d 113.) Moreover, as the defendants' written post-trial motion of September 20, 1977, was filed more than 30 days after the May 26, 1977, judgment and the June 10, 1977, order, it also failed to serve as a timely filed post-trial motion. *Spears v. Spears* (1977), 52 Ill. App. 3d 695, 367 N.E.2d 1004.

■ In finding that the defendants failed to file a timely post-trial motion, we do not find that the trial court erred in taking the action appealed from. A trial court has jurisdiction for a period of 30 days after the entry of a final order or judgment to modify or vacate the final order or judgment not only on the timely motion of a party but also *sua sponte*. (*Darling v. Reinert* (1971), 132 Ill. App. 2d 192, 268 N.E.2d 890.) The court's authority to act on its own motion to amend or vacate a final order or judgment has long been recognized. (*Freeman v. Chicago Transit Authority* (1965), 33 Ill. 2d 103, 210 N.E.2d 191; *Krieger v. Krieger* (1906), 221 Ill. 479, 77 N.E. 909; *Darling v. Reinert*.) It is, however, limited by the restriction that the trial court can act on its own motion only in order to do justice between the parties. (Compare *Freeman v. Chicago Transit Authority* with *Yale Development Co. v. Texaco, Inc.* (1977), 51 Ill. App. 3d 616, 366 N.E.2d 892.) Traditionally, a judgment was held within the "breast of the court" during the term in which it was entered so that a trial court could exercise its inherent jurisdiction to act on its own motion throughout the term. (*Krieger v. Krieger* (1906), 221 Ill. 479, 77 N.E. 909.) Under the Civil Practice Act, the trial court's inherent authority to act on its own motion is restricted to the 30-day period following the entry of the

final order or judgment. Ill. Rev. Stat. 1975, ch. 110, pars. 50(5), 68.1, 68.3.

If a post-trial motion is filed by one or both of the parties within 30 days of the judgment, the trial court retains jurisdiction over the matter until the disposition of any pending post-trial motion (Ill. Rev. Stat. 1975, ch. 110, pars. 50(5), 68.1(4), 68.3(2)) to act on those points specifically raised in the post-trial motion. Moreover, the trial court also has the jurisdiction, under this circumstance, to act on any error which the court perceives must be remedied in order to do justice between the parties. (*Freeman v. Chicago Transit Authority*; *City of DeKalb v. Anderson* (1974), 22 Ill. App. 3d 40, 316 N.E.2d 653; *Strong v. Kadlec* (1911), 163 Ill. App. 298.) The trial court loses jurisdiction over the order of judgment after 30 days, however, if no post-trial motion is filed within the 30-day statutory period (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271; *Spears v. Spears* (1977), 52 Ill. App. 3d 695, 367 N.E.2d 1004), if a notice of appeal is filed within 30 days (*City of Chicago v. Myers* (1967), 37 Ill. 2d 470, 227 N.E.2d 760; *King v. King* (1978), 57 Ill. App. 3d 423, 373 N.E.2d 313), or if the only party who has filed a post-trial motion files a notice of appeal. *Corwin v. Rheims* (1945), 390 Ill. 205, 61 N.E.2d 40; *Smith v. Glowacki* (1970), 122 Ill. App. 2d 336, 258 N.E.2d 591.

Applying these precedents to the present case, we find that the trial court possessed the jurisdiction to rule upon the defendants' reserved motion for a directed verdict on June 10, 1977, absent the existence of a timely filed post-trial motion requesting such a ruling because the court's action was taken within 30 days of the May 26, 1977, judgment. That a trial court has the ability to rule on a reserved motion for a directed verdict after a judgment has been reached by a jury is evident from the very nature of a reserved motion for a directed verdict to provide a trial court a better opportunity to consider the ruling. (*Baltimore & Carolina Line, Inc. v. Redman* (1935), 295 U.S. 654, 79 L. Ed. 1636, 55 S. Ct. 890.) Accordingly, we find that the trial court did not exceed its jurisdiction in acting on its own motion in considering the reserved motion for a directed verdict.

Had the court's jurisdiction to amend or vacate the May 26, 1977, judgment ended 30 days after the judgment, the court would have been unable, thereafter, to vacate the June 10, 1977, order because the court would have lost jurisdiction over the judgment. However, once the plaintiff filed a timely post-trial motion, the trial court retained its jurisdiction. Thereafter, until the trial court ruled upon all the pending post-trial motions, the trial court, consistent with well-established law, could amend any interlocutory order entered. *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217; *Leopold v. Levin* (1970), 45 Ill. 2d 434, 259 N.E.2d 250.

In determining whether the trial court should have granted the

defendants a directed verdict, this court is guided by the well-established rule set out in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504. There the court stated that:

"In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." 37 Ill. 2d 494, 510.

■■ A plaintiff may recover for civil assault and battery where the defendant intentionally acted to cause harmful or offensive contact with the plaintiff. (3 Ill. L. & Prac. *Assault & Battery* §11 (1953).) A well-established defense to assault and battery is recognized, however, where a person threatened with bodily harm defends himself by the use of reasonable force. (*Lanahan v. Taylor* (1972), 8 Ill. App. 3d 482, 290 N.E.2d 310; *Irwin v. Omar Bakeries, Inc.* (1964), 48 Ill. App. 2d 297, 198 N.E.2d 700.) In *Lanahan*, the court held that the trial court erred in denying the defendants' motion for a directed verdict and for a judgment notwithstanding the verdict where the evidence revealed that the plaintiffs made the first violent physical contact with the defendants and the defendants only used reasonable force. The court stated that "if one starts a fight, and gets the worst of it, he is in no position to recover damages unless the other party unreasonably and excessively beats him." 8 Ill. App. 3d 481, 484.

■■ The plaintiff claims that the defendant, Hagstrom, was the aggressor and that he used excessive force. This is not substantiated by the testimony at the trial. The plaintiff, age 17 at the time of the incident, testified that he and a group of his friends had been drinking in the Dan Ryan Woods for approximately three hours prior to the incident at McDonald's. During this time the plaintiff consumed four beers. He further testified that he and a group of his friends went to the McDonald's restaurant on 95th Street where he entered alone. He admitted that while he was in the restaurant he became quite loud and boisterous and was asked to quiet down because he was causing trouble. The plaintiff asserts that the fight between Hagstrom and himself started when Hagstrom chased him as he was leaving the restaurant with some food. He also asserts that Hagstrom was the aggressor in the fight that ensued. Furthermore, he denies that a controversy existed concerning his payment for the food he took from the restaurant or that Hagstrom chased him in order to bring him back to the McDonald's for questioning by the police. We find the plaintiff's testimony of dubious value. Strong evidence that the plaintiff did not pay for his food existed from the testimony of defendant Hagstrom and an employee of McDonald's, Gary

Salzer. Each testified that they questioned the order takers on duty the night of the incident, and that no one acknowledged taking the plaintiff's order. They also testified that an examination of the cash register tapes failed to reveal an entry in the amount the plaintiff would have paid for his alleged food order. From this we conclude that Hagstrom had reasonable grounds to chase the plaintiff when the plaintiff ran out of the McDonald's with a bag of food.

■■ The record also reveals that the defendant only struck the plaintiff after first being struck by the plaintiff. While it would be possible for Hagstrom to act in self-defense and yet be liable to the plaintiff for damages because of the use of excess force (e.g., *Wells v. Englehart* (1905), 118 Ill. App. 217), we do not find that to be the case here. It is true that the plaintiff's injuries were caused by Hagstrom's use of a billy club during the fight. Yet, while we can imagine some circumstances in which the use of a billy club would constitute excessive force, we do not find that to be the case here. The defendant was confronted by a group of the plaintiff's hostile friends who were assisting the plaintiff. We cannot say that the use of such a weapon was unreasonable under that circumstance. Accordingly, we find that, even when viewing all the evidence in a light most favorable to the plaintiff as required by the *Pedrick* rule, the evidence overwhelmingly supports the defendant. As such we find that the trial court did not err when the court directed a verdict for the defendants.

For the aforesaid reasons the order of the circuit court of Cook County granting the defendants a directed verdict is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.